APPEAL,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:26−cv−00477−ACR

DC PRESERVATION LEAGUE et al v. DEPARTMENT OF INTERIOR et al
Assigned to: Judge Ana C. Reyes
Related Case: 1:26−cv−03966−ACR
Case in other court: USCA, 26−05374
Cause: 05:551 Administrative Procedure Act

Date Filed: 02/13/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**DC PRESERVATION LEAGUE** represented by

**Norman Larry Eisen**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202−594−9958
Email: norman@democracydefenders.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abbe David Lowell**
LOWELL & ASSOCIATES, PLLC
1250 H St NW
Suite 250
Washington, DC 20005
202−508−4450
Fax: 202−964−6116
Email: alowellpublicoutreach@lowellandassociates.com
*ATTORNEY TO BE NOTICED*

**Angela Reilly**
LOWELL & ASSOCIATES, PLLC
1250 H Street
Suite 250
Washington, DC 20005
202−508−4456
Email: areilly@lowellandassociates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Lynn Deffebach**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−320−3403
Email: adeffebach@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Caleb Hayes−Deats**
LOWELL & ASSOCIATES, PLLC
1250 H Street
Suite 250
Washington, DC 20005
202−964−6110
Fax: 202−964−6116
Email: chayes−deats@lowellandassociates.com
*ATTORNEY TO BE NOTICED*

**Catherine Carroll**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−448−9090
Email: ccarroll@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Jack Bolen**
LOWELL AND ASSOCIATES, PLLC
1250 H St NW
2nd Floor
Washington, DC 20005
301−651−5610
Email: jbolen@lowellandassociates.com
*ATTORNEY TO BE NOTICED*

**Kevin E. Friedl**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−894−6035
Email: kfriedl@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Lindsay Zimliki**
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Ave. SE, No. 15180
Washington, DC 20003
202−309−2337
Email: lindsay@democracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Samburg**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−448−9090
Email: msamburg@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−455−9060
Email: rthurston@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Will Bardwell**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202−773−0490
Email: wbardwell@democracyforward.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DAVE ROBERTS** represented by **Norman Larry Eisen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abbe David Lowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Angela Reilly**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Lynn Deffebach**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caleb Hayes−Deats**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Bolen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin E. Friedl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Zimliki**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Samburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Will Bardwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALEX DICKSON** represented by **Norman Larry Eisen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abbe David Lowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Angela Reilly**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Lynn Deffebach**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caleb Hayes−Deats**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack Bolen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin E. Friedl**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Zimliki**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Samburg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Will Bardwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DEPARTMENT OF INTERIOR** represented by **Michael Keith Robertson**
DOJ−ENRD
150 M Street, NE
Washington, DC 20002
202−598−3835
Email: michael.robertson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington, DC 20530
771−220−9755
Email: stanley.woodward@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
DOJ−Enrd
Environment and Natural Resources Division
950 Pennsylvania Ave NW
Washington, DC 20530
202−718−0703
Email: adam.gustafson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Andrew Block**
DOJ−OASG
Office of the Associate Attorney General
950 Pennsylvania Ave., NW

Washington, DC 20530
202−372−7565
Email: andrew.block@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Benjamin Hayes**
Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
202−514−8214
Email: Benjamin.Hayes@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
U.S. DEPARTMENT OF JUSTICE
ENRD
P.O. Box 7611
Washington, DC 20044−7611
(202) 305−0470
Email: marissa.piropato@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert Andrew Crossin**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington, DC 20530
202−538−1680
Email: robert.crossin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert N. Stander**
DOJ−Enrd
950 Pennsylvania Avenue, NW
Washington, DC 20530
202−717−7067
Email: robert.stander@usdoj.gov
*TERMINATED: 11/17/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUG BURGUM**
*in his official capacity as Secretary of the Interior*

represented by

**Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Crossin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert N. Stander**
(See above for address)
*TERMINATED: 11/17/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**NATIONAL PARK SERVICE** represented by **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Crossin**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert N. Stander**
(See above for address)
*TERMINATED: 11/17/2026*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JESSICA BOWRON**
*in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service*

represented by

**Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam R.F. Gustafson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Benjamin Hayes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marissa Ann Piropato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Andrew Crossin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert N. Stander**
(See above for address)
*TERMINATED: 11/17/2026*
*ATTORNEY TO BE NOTICED*

**Amicus**

**WALTER J. TRAVIS SOCIETY**

represented by

**Patricia Dorothy Ryan**
LAW OFFICE OF PATRICIA D. RYAN
6106 Harvard Avenue
PO Box 633
Glen Echo, MD 20812
240−481−6284

Email: patriciaryan@pdrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**HAINS POINT RUNNERS** represented by **Alan Pemberton**
COVINGTON & BURLING LLP
850 Tenth Street, NW
One City Center
Washington, DC 20001
202−662−5642
Email: apemberton@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**CHERRY BLOSSOM, INC.** represented by **Alan Pemberton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**WASHINGTON AREA BICYCLIST ASSOCIATION** represented by **Nessa Elise Horewitch Coppinger**
BEVERIDGE & DIAMOND, P.C.
1350 I Street, NW
Suite 700
Washington, DC 20005
(202) 789−6053
Fax: (202) 789−6191
Email: ncoppinger@bdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/13/2026 | 1 | COMPLAINT against JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE ( Filing fee $ 405 receipt number ADCDC−12244857) filed by D.C. Preservation League, Alex Dickson, Dave Roberts. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D− Part 1, # 5 Exhibit D− Part 2, # 6 Exhibit D− Part 3, # 7 Exhibit E, # 8 Exhibit F, # 9 Civil Cover Sheet, # 10 Summons to Jessica Bowron, in her official capacity as "Comptroller Exercising the Delegated Authority of the Director" of the National Park Service, # 11 Summons to Doug Burgum, in his official capacity as Secretary of the Interior, # 12 Summons to U.S. Department of the Interior, # 13 Summons to National Parks Service, # 14 Summons to Pam Bondi, in her official capacity as U.S. Attorney General, # 15 Summons to U.S. Attorney's Office for the District of Columbia)(Bardwell, Will) (Entered: 02/13/2026) |
| 02/13/2026 | 2 | NOTICE of Appearance by Mark Samburg on behalf of Alex Dickson, D.C. Preservation League, Dave Roberts (Samburg, Mark) (Entered: 02/13/2026) |

| | | |
|---|---|---|
| 02/13/2026 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Alex Dickson, D.C. Preservation League, Dave Roberts (Samburg, Mark) (Entered: 02/13/2026) |
| 02/13/2026 | 4 | NOTICE of Appearance by Catherine Carroll on behalf of All Plaintiffs (Carroll, Catherine) (Entered: 02/13/2026) |
| 02/17/2026 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: Noncompliance with LCvR 5.1(c). Please file a Notice of Errata stating the error and attach the corrected initiating pleading to include the name & full residence address of each party and file using the event Errata. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmtm) (Entered: 02/17/2026) |
| 02/17/2026 | 5 | ERRATA by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS re 1 Complaint,,,. (Attachments: # 1 PLAINTIFFS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF)(Bardwell, Will) (Entered: 02/17/2026) |
| 02/17/2026 | 6 | SEALED DOCUMENT filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS re 5 Errata (This document is SEALED and only available to authorized persons.)(Bardwell, Will) (Entered: 02/17/2026) |
| 02/18/2026 | | Case Assigned to Judge Ana C. Reyes. (zmtm) (Entered: 02/18/2026) |
| 02/18/2026 | 7 | SUMMONS (6) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 02/18/2026) |
| 02/23/2026 | 8 | MOTION to Stay *OR IN THE ALTERNATIVE*, MOTION for Preliminary Injunction by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit Index, # 4 Declaration Declaration of Alex Dickson, # 5 Declaration Declaration of Rebecca Miller, # 6 Declaration Declaration of Dave Roberts, # 7 Declaration Declaration of Will Bardwell, # 8 Exhibit A, # 9 Exhibit B, # 10 Exhibit C, # 11 Exhibit D, # 12 Exhibit E, # 13 Exhibit F, # 14 Exhibit G, # 15 Exhibit H, # 16 Exhibit I, # 17 Exhibit J, # 18 Exhibit K, # 19 Exhibit L, # 20 Exhibit M, # 21 Exhibit N, # 22 Exhibit O, # 23 Exhibit P)(Samburg, Mark) (Entered: 02/23/2026) |
| 02/24/2026 | | MINTUE ORDER. The Court ORDERS the parties to contact the Courtroom Deputy, Chashawn White (chashawn_white@dcd.uscourts.gov) to schedule a case management status conference in this action between March 3 and March 13, 2026. Defendants' shall file their opposition to Plaintiffs' Motion on or before March 3, 2026. The Court further ORDERS Plaintiffs' counsel to inform Defendants' counsel of this Minute Order as soon as possible. Signed by Judge Ana C. Reyes on 02/24/2026. (lcacr3) (Entered: 02/24/2026) |
| 02/24/2026 | | Set/Reset Deadlines/Hearings: Response to 8 due by 3/3/2026. (zcdw) (Entered: 02/24/2026) |
| 02/25/2026 | 9 | NOTICE of Appearance by Michael Keith Robertson on behalf of All Defendants (Robertson, Michael) (Entered: 02/25/2026) |
| 02/25/2026 | 10 | STANDING ORDER. The Court ORDERS the parties to comply with its Standing Order. See Order for details. Signed by Judge Ana C. Reyes on 02/25/2026. (lcacr3) (Entered: 02/25/2026) |

| | | |
|---|---|---|
| 02/25/2026 | 11 | NOTICE of Appearance by Norman Larry Eisen on behalf of All Plaintiffs (Eisen, Norman) (Entered: 02/25/2026) |
| 02/25/2026 | 12 | NOTICE of Appearance by Robin F. Thurston on behalf of All Plaintiffs (Thurston, Robin) (Entered: 02/25/2026) |
| 02/25/2026 | 13 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Lindsay W. Zimliki, Filing fee $ 100, receipt number ADCDC−12265249. Fee Status: Fee Paid. by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Declaration PHV Declaration, # 2 Supplement Certificate of Good Standing, # 3 Text of Proposed Order Proposed Oder)(Eisen, Norman) (Entered: 02/25/2026) |
| 02/25/2026 | 14 | ENTERED IN ERROR.....NOTICE of Appearance by Lindsay Zimliki on behalf of All Plaintiffs (Zimliki, Lindsay) Modified on 2/25/2026 (znmw). (Entered: 02/25/2026) |
| 02/26/2026 | | NOTICE OF ERROR regarding 14 Notice of Appearance. The following error(s) need correction: Other− Pro Hac Vice appearance has not yet been granted. (znmw) (Entered: 02/26/2026) |
| 02/26/2026 | 15 | NOTICE of Appearance by Abbe David Lowell on behalf of All Plaintiffs (Lowell, Abbe) (Entered: 02/26/2026) |
| 02/27/2026 | 16 | Unopposed MOTION for Extension of Time to File Response/Reply as to 8 MOTION to Stay *OR IN THE ALTERNATIVE* MOTION for Preliminary Injunction by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Robertson, Michael) (Entered: 02/27/2026) |
| 02/28/2026 | 17 | NOTICE of Proposed Order by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re 16 Unopposed MOTION for Extension of Time to File Response/Reply as to 8 MOTION to Stay *OR IN THE ALTERNATIVE* MOTION for Preliminary Injunction (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 02/28/2026) |
| 03/02/2026 | | MINUTE ORDER granting 16 Unopposed Motion for Extension of Time. The Court ORDERS Defendants to file their response to Plaintiffs' motion on or before March 6, 2026. Signed by Judge Ana C. Reyes on 03/02/2026. (lcacr3) (Entered: 03/02/2026) |
| 03/02/2026 | | MINUTE ORDER granting 13 Motion for Leave for Lindsay Zimliki to Appear Pro Hac Vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Ana C. Reyes on 03/02/2026. (lcacr3) (Entered: 03/02/2026) |
| 03/02/2026 | | Set/Reset Deadlines: Response due by 3/6/2026 (zglw) (Entered: 03/03/2026) |
| 03/03/2026 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NATIONAL PARK SERVICE served on 2/24/2026 (Bardwell, Will) (Entered: 03/03/2026) |
| 03/03/2026 | 19 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JESSICA BOWRON served on 2/24/2026 (Bardwell, Will) (Entered: 03/03/2026) |
| 03/03/2026 | 20 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DOUG BURGUM served on 2/24/2026 (Bardwell, Will) (Entered: 03/03/2026) |
| 03/03/2026 | 21 | |

| | | |
|---|---|---|
| | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF INTERIOR served on 2/26/2026 (Bardwell, Will) (Entered: 03/03/2026) |
| 03/03/2026 | 22 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/25/2026. (Bardwell, Will) (Entered: 03/03/2026) |
| 03/03/2026 | 23 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/25/2026. Answer due for ALL FEDERAL DEFENDANTS by 4/26/2026. (Bardwell, Will) (Entered: 03/03/2026) |
| 03/06/2026 | 24 | NOTICE of Appearance by John P. Bolen on behalf of All Plaintiffs (Bolen, John) (Entered: 03/06/2026) |
| 03/06/2026 | 25 | NOTICE of Appearance by Lindsay Zimliki on behalf of All Plaintiffs (Zimliki, Lindsay) (Entered: 03/06/2026) |
| 03/06/2026 | 26 | Memorandum in opposition to re 8 MOTION to Stay *OR IN THE ALTERNATIVE* MOTION for Preliminary Injunction filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Declaration Exhibit 1 − Declaration of Jennifer T. Nersesian, # 2 Exhibit Nersesian Exhibits A − G, # 3 Exhibit Nersesian Exhibits H − L, # 4 Declaration Exhibit 2 − Declaration of Jessica Bowron, # 5 Exhibit Bowron Exhibits A − C, # 6 Exhibit Exhibit 3)(Robertson, Michael) (Entered: 03/06/2026) |
| 03/10/2026 | | NOTICE of Hearing: Status Conference set for 3/11/2026 at 3:00 PM in Courtroom 12 before Judge Ana C. Reyes. Public access line will be available. (zcdw) Modified on 3/11/2026 to update hearing location (zcdw). (Entered: 03/10/2026) |
| 03/10/2026 | 27 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Angela Reilly, Filing fee $ 100, receipt number ADCDC−12290988. Fee Status: Fee Paid. by DC PRESERVATION LEAGUE. (Attachments: # 1 Exhibit A (Decl. of A. Reilly), # 2 Exhibit B (Cert. of Good Standing))(Lowell, Abbe) (Entered: 03/10/2026) |
| 03/11/2026 | | MINUTE ORDER granting 27 Motion for Leave for Angela Reilly to Appear Pro Hac Vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Ana C. Reyes on 3/11/2026. (lcacr3) (Entered: 03/11/2026) |
| 03/11/2026 | | MINUTE ORDER. This afternoon's status conference will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 3/11/2026. (lcacr3) (Entered: 03/11/2026) |
| 03/11/2026 | | Minute Entry for proceedings held before Judge Ana C. Reyes: Status Conference held on 3/11/2026. Parties directed to submit a Joint Status Report by 3/20/2026. (Court Reporter: Jeff Hook) (zcdw) (Entered: 03/12/2026) |
| 03/18/2026 | 28 | Unopposed MOTION for Extension of Time to File *Joint Status Report* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 03/18/2026) |
| 03/19/2026 | | MINUTE ORDER granting 28 Unopposed Motion for Extension of Time. The Court ORDERS the parties to file the Joint Status Report five business days after the parties |

| | | |
|---|---|---|
| | | receive the March 11, 2026, hearing transcript. Signed by Judge Ana C. Reyes on 3/19/2026. (lcacr3) (Entered: 03/19/2026) |
| 03/25/2026 | 29 | NOTICE of Appearance by Angela Reilly on behalf of All Plaintiffs (Reilly, Angela) (Entered: 03/25/2026) |
| 03/26/2026 | 30 | NOTICE of Appearance by Caleb Hayes−Deats on behalf of All Plaintiffs (Hayes−Deats, Caleb) (Entered: 03/26/2026) |
| 03/26/2026 | 31 | TRANSCRIPT OF STATUS CONFERENCE before Judge Ana C. Reyes held on March 11, 2026. Page Numbers: 1 − 91. Date of Issuance: March 26, 2026. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/16/2026. Redacted Transcript Deadline set for 4/26/2026. Release of Transcript Restriction set for 6/24/2026.(Hook, Jeff) (Entered: 03/26/2026) |
| 04/02/2026 | 32 | Unopposed MOTION for Extension of Time to *File Joint Status Report* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Robertson, Michael) (Entered: 04/02/2026) |
| 04/06/2026 | | MINUTE ORDER granting 32 Unopposed Motion for Extension of Time. The Court ORDERS the parties to file their Joint Status Report on or before April 7, 2026. Signed by Judge Ana C. Reyes on 4/6/2026. (lcacr3) (Entered: 04/06/2026) |
| 04/07/2026 | | Set/Reset Deadlines: Joint Status Report due by 4/7/2026. (znbn) (Entered: 04/07/2026) |
| 04/07/2026 | 33 | Joint STATUS REPORT by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 04/07/2026) |
| 04/09/2026 | | MINUTE ORDER. Upon consideration of the parties' 33 Joint Status Report, the Court ORDERS the parties to appear for a virtual status conference tomorrow, April 10, 2026, at 3:00 p.m. Signed by Judge Ana C. Reyes on 4/9/2026. (lcacr3) (Entered: 04/09/2026) |
| 04/09/2026 | | MINUTE ORDER. The Court ORDERS that tomorrow's status conference is rescheduled to this afternoon at 4:00 p.m. Signed by Judge Ana C. Reyes on 4/9/2026. (lcacr3) (Entered: 04/09/2026) |
| 04/09/2026 | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines/Hearings: Status Conference set for 4/9/2026 at 4:00 PM via videoconference before Judge Ana C. Reyes. (zcdw) (Entered: 04/09/2026) |
| 04/09/2026 | | MINUTE ORDER. This afternoon's hearing will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 4/9/2026. (lcacr3) (Entered: 04/09/2026) |
| 04/09/2026 | | MINUTE ORDER. As discussed during this afternoon's status conference, the Court ORDERS Defendants to lodge the Administrative Record on or before April 30, 2026, and Plaintiffs to file any extra−record motion on or before May 7, 2026. The Court further ORDERS the parties to file a joint proposed briefing schedule and to contact the Courtroom Deputy to schedule the motion hearing(s). Signed by Judge Ana C. Reyes on 4/9/2026. (lcacr3) (Entered: 04/09/2026) |
| 04/09/2026 | | Minute Entry for video proceedings held before Judge Ana C. Reyes: Status Conference held on 4/9/2026. (Court Reporter: Jan Dickman) (zcdw) (Entered: 04/10/2026) |
| 04/10/2026 | 34 | MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Robertson, Michael) (Entered: 04/10/2026) |
| 04/13/2026 | 35 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on April 9, 2026; Page Numbers: 1−20. Date of Issuance:April 13, 2026. Court Reporter: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/4/2026. Redacted Transcript Deadline set for 5/14/2026. Release of Transcript Restriction set for 7/12/2026.(Dickman, Janice) (Entered: 04/13/2026) |
| 04/29/2026 | 36 | PROPOSED BRIEFING SCHEDULE by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 04/29/2026) |
| 04/29/2026 | 37 | Unopposed MOTION for Extension of Time to *File Motion for Extra−Record Discovery* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 04/29/2026) |
| 04/29/2026 | | MINUTE ORDER granting 37 Unopposed Motion for Extension of Time. The Court ORDERS Plaintiffs to file their Motion for Extra−Record Discovery on or before |

| | | |
|---|---|---|
| | | May 14, 2026. Signed by Judge Ana C. Reyes on 4/29/2026. (lcacr3) (Entered: 04/29/2026) |
| 04/30/2026 | | Set/Reset Deadlines/Hearings: Motion for Extra−Record Discovery due by 5/14/2026. (zcdw) (Entered: 04/30/2026) |
| 04/30/2026 | 38 | NOTICE *of Publication of Testing Results and Filing of the Administrative Record* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Declaration of Jennifer Nersesian, # 2 Declaration of Jessica Bowron, # 3 Certifying Declaration of Jennifer Nersesian)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 39 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 1, # 2 AR − 2, # 3 AR − 3, # 4 AR − 4, # 5 AR − 5)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 40 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 6, # 2 AR − 7, # 3 AR − 8, # 4 AR − 9)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 41 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 10.1, # 2 AR − 10.2, # 3 AR − 10.3, # 4 AR − 10.4)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 42 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 10.5, # 2 AR − 10.6, # 3 AR − 10.7, # 4 AR − 10.8)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 43 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 10.9, # 2 AR − 10.10)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 44 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 10.11, # 2 AR − 10.12)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 45 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 11, # 2 AR − 12, # 3 AR − 13, # 4 AR − 14, # 5 AR − 15, # 6 AR − 16, # 7 AR − 17, # 8 AR − 18, # 9 AR − 19, # 10 AR −20)(Robertson, Michael) (Entered: 04/30/2026) |
| 04/30/2026 | 46 | ADMINISTRATIVE RECORD *Index* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 AR − 21, # 2 AR − 22, # 3 AR − 23, # 4 AR − 24, # 5 AR − 25, # 6 AR − 26, # 7 AR − 27, # 8 AR − 28, # 9 AR − 29, # 10 AR − 30, # 11 AR − 31)(Robertson, Michael) (Entered: 05/01/2026) |
| 05/03/2026 | 47 | Emergency MOTION for Status Conference re 8 MOTION to Stay *OR IN THE ALTERNATIVE* MOTION for Preliminary Injunction by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A (Pledge Agreement), # 3 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Bardwell, Will) Modified event on 5/4/2026 (znmw). (Entered: 05/03/2026) |
| 05/03/2026 | | MINUTE ORDER re 47 Plaintiffs' Emergency Motion for Status Conference. Given representation by the Government in numerous hearings that no plans have been approved on the East Potomac Golf Course or are scheduled to take place (other than the land filing previously discussed), the Court ORDERS the Government to file a response to 47 Plaintiffs' Emergency Motion for Status Conference by **7:30 AM tomorrow (May 4, 2026)**. The Government's response shall address what, if any, work has taken place on the Golf Course. The Court expects the Government to have answers to its questions and ORDERS the Government to contact its client and for its client to respond before filing its response.<br><br>The Court further ORDERS both parties to appear for a video status conference at **8:00 AM tomorrow (May 4, 2026)**. A client representative for the Government must be present. Signed by Judge Ana C. Reyes on 5/3/2026. (lcacr3) (Entered: 05/03/2026) |
| 05/03/2026 | | MINUTE ORDER. Tomorrow morning's status conference will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 5/3/2026. (lcacr3) (Entered: 05/03/2026) |
| 05/04/2026 | 48 | Memorandum in opposition to re 47 Emergency MOTION for Status Conference re 8 MOTION to Stay *OR IN THE ALTERNATIVE* MOTION for Preliminary Injunction filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Declaration of Kevin Griess, # 2 Exhibit A)(Robertson, Michael) (Entered: 05/04/2026) |
| 05/04/2026 | | Set/Reset Deadlines/Hearings: Status Conference set for 5/4/2026 at 8:00 AM via videoconferece (Audio Line Available) before Judge Ana C. Reyes. (zcdw) (Entered: 05/04/2026) |
| 05/04/2026 | | MINUTE ORDER. The Court ORDERS the Government to ensure the attendance at this mornings status conference of Kevin Griess, Superintendent of National Mall and Memorial Parks (NAMA). The further ORDERS the Government to have present the individual at the Agency who has interfaced with the National Garden of American Heroes Foundation (Foundation). The Court EXPECTS the Government to locate this individual as soon as possible and have them join the conference as quickly as possible.<br><br>The Court also ORDERS the Government to begin compiling communications concerning Hains Point or golf courses in Washington, D.C., including any communications between: (1) the Agency and the Foundation (including Meredith O'Rourke); (2) the Agency and the White House; and (3) the Agency and National Links Trust. The Court also ORDERS the Government to produce the communications between Mr. Griess and NAMA's Chief of Maintenance (referenced in paragraph 12 of his declaration). See Dkt. [48−1].<br><br>During the conference, the Government shall be prepared to address: (1) the authentication of the Foundation's fundraising pledge; (2) whether the Government has entered into any agreement with the Foundation; and (3) whether any designer or architect has been named, and if so, who. Signed by Judge Ana C. Reyes on 5/4/2026.(lcacr3) (Entered: 05/04/2026) |

| | | |
|---|---|---|
| 05/04/2026 | | Minute Entry for video proceedings held before Judge Ana C. Reyes: Status Conference held on 5/4/2026. (Court Reporter: Christine Asif) (zcdw) (Entered: 05/08/2026) |
| 05/05/2026 | | MINUTE ORDER granting IN PART 47 Emergency Motion for Status Conference. The Court held the status conference on May 4, 2026. As discussed on the record, the Court defers ruling on 8 Motion for a Stay/Preliminary Injunction pending further briefing by the parties. Signed by Judge Ana C. Reyes on 5/5/2026. (lcacr3) (Entered: 05/05/2026) |
| 05/11/2026 | 49 | NOTICE *of Factual Development* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit Statement by Secretary Burgum, # 2 Exhibit Statement by NLT)(Samburg, Mark) (Entered: 05/11/2026) |
| 05/14/2026 | 50 | NOTICE *of Factual Development* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit Announcement by Secretary Burgum)(Samburg, Mark) (Entered: 05/14/2026) |
| 05/14/2026 | 51 | MOTION for Discovery *Expedited Discovery* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Exhibit Index, # 2 Exhibit Exhibit 1: Proposed Discovery Requests, # 3 Exhibit Exhibit 2: Proposed Subpoenas, # 4 Text of Proposed Order)(Samburg, Mark) (Entered: 05/14/2026) |
| 05/19/2026 | 52 | Unopposed MOTION for Extension of Time to File Response/Reply as to 34 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Text of Proposed Order)(Samburg, Mark) (Entered: 05/19/2026) |
| 05/19/2026 | | MINUTE ORDER. The Court GRANTS 52 Unopposed Motion for Extension of Time. Upon consideration of the 52 Motion and 36 Proposed Briefing Schedule, the Court ORDERS the parties to abide by the following briefing deadlines:<br><br>Motion to Dismiss: Plaintiffs' Opposition to Defendants' Motion to Dismiss is due by May 28. Defendants' Reply in Support of the Motion to Dismiss is due by June 25.<br><br>Motion for Extra−Record Discovery: Defendants' Opposition to the Motion for Extra−Record Discovery is due by June 4. Plaintiffs' Reply in Support of the Motion for Extra−Record Discovery is due by June 25.<br><br>The Court further ORDERS the parties to contact the Courtroom Deputy to schedule a motion hearing for the week of June 29, 2026. Signed by Judge Ana C. Reyes on 5/19/2026. (lcacr3) (Entered: 05/19/2026) |
| 05/19/2026 | | Set/Reset Deadlines: Plaintiffs' Opposition to Defendants' Motion to Dismiss is due by May 28, 2026. Defendants' Reply in Support of the Motion to Dismiss is due by June 25, 2026. Motion for Extra−Record Discovery: Defendants' Opposition to the Motion for Extra−Record Discovery is due by June 4, 2026. Plaintiffs' Reply in Support of the Motion for Extra−Record Discovery is due by June 25, 2026. (smc) (Entered: 05/19/2026) |
| 05/27/2026 | | NOTICE of Hearing: Motion Hearing set for 7/2/2026 at 2:00 PM in Courtroom 12 before Judge Ana C. Reyes. (zcdw) (Entered: 05/27/2026) |
| 05/28/2026 | 53 | Memorandum in opposition to re 34 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* filed by DC PRESERVATION LEAGUE, ALEX |

| | | |
|---|---|---|
| | | DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 05/28/2026) |
| 06/04/2026 | 54 | Memorandum in opposition to re 51 MOTION for Discovery *Expedited Discovery* filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Robertson, Michael) (Entered: 06/04/2026) |
| 06/24/2026 | 55 | NOTICE *of Publication of Testing Results* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Robertson, Michael) (Entered: 06/24/2026) |
| 06/25/2026 | 56 | REPLY to opposition to motion re 51 Motion for Discovery, filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Samburg, Mark) (Entered: 06/25/2026) |
| 06/25/2026 | 57 | REPLY to opposition to motion re 34 Motion to Dismiss/Lack of Jurisdiction, *and for Failure to State a Claim* filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Robertson, Michael) (Entered: 06/25/2026) |
| 06/29/2026 | 58 | NOTICE *PLAINTIFFS NOTICE OF FACTUAL DEVELOPMENTS REGARDING TRUMP, BURGUM, AND FAZIO SITE VISIT AND ENSUING TRUMP SOCIAL MEDIA POST* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Bardwell, Will) (Entered: 06/29/2026) |
| 06/29/2026 | 59 | Unopposed MOTION for Leave to File Amicus Brief by THE WALTER J. TRAVIS SOCIETY. (Attachments: # 1 Amicus Brief, # 2 Text of Proposed Order)(Ryan, Patricia) (Entered: 06/29/2026) |
| 06/30/2026 | | MINUTE ORDER granting 59 The Walter J. Travis Society's Unopposed Motion for Leave to File Amicus Brief. Signed by Judge Ana C. Reyes on 6/30/2026. (lcacr3) (Entered: 06/30/2026) |
| 06/30/2026 | | MINUTE ORDER. The Motion Hearing set for July 2, 2026, will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 6/30/2026. (lcacr3) (Entered: 06/30/2026) |
| 06/30/2026 | 61 | AMICUS BRIEF by WALTER J. TRAVIS SOCIETY. (znmw) (Entered: 07/09/2026) |
| 07/01/2026 | | MINUTE ORDER. In preparation for tomorrow's motion hearing, the Court ORDERS the Government to be prepared to discuss:<br><br>(1) Whether anyone at the National Garden of American Heroes Foundation or the O'Rourke Group has communicated with the National Park Service or the Department of the Interior regarding the proposed golf course and, if so, the nature and substance of those communications;<br><br>(2) What commitments, if any, the Secretary of Interior or his delegates have made concerning President Trump's statements that they "will build one of the Greatest Golf Courses in the world." Donald J. Trump, *Truth Social* (June 28, 2026, 2:42 PM), https://truthsocial.com/@realDonaldTrump/posts/116829203090822692;<br><br>(3) How the Government intends to undertake the actions listed in its Motion to Dismiss−−including "contract for architectural and design services" and "compliance |

| | | |
|---|---|---|
| | | with NEPA, Section 106, Section 7 of the Endangered Species Act, the Organic Act, and any other applicable laws and regulations"−−by September 1, 2026. Dkt. [34−1] at 24; *see* Trump, *supra*;<br><br>(4) On what basis Mr. Fazio has been appointed or designated as the architect or designer of the proposed golf course. *See* Trump, *supra*;<br><br>(5) Whether NPS or the Department of the Interior has entered into any contract or agreement−−oral or written−−with respect to the construction of the proposed golf course by September 1, 2026; and<br><br>(6) Whether any blueprints, plans, or conceptual designs for the proposed golf course exist and, if so, the current status of their review or approval. Signed by Judge Ana C. Reyes on 7/1/2026. (lcacr3) (Entered: 07/01/2026) |
| 07/02/2026 | | Minute Entry for proceedings held before Judge Ana C. Reyes: Motion Hearing held on 7/2/2026 re 8 Motion to Stay or in the alternative Motion for Preliminary Injunction and 34 Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. Motions heard and taken under advisement. (Court Reporter: Sonja Reeves) (zcdw) Modified on 8/10/2026 to correct hearing date (zcdw). (Entered: 08/10/2026) |
| 07/06/2026 | | MINUTE ORDER. As discussed during last week's motion hearing, the Court ORDERS the Government to respond to the following questions on or before July 17, 2026.<br><br>1. Has the Secretary of the Interior or any other high−ranking official made any statements or given any directives to anyone at the Agency−−oral or written−−concerning the President's statement that they will begin "build[ing] one of the Greatest Golf Courses in the world" by September 1, 2026? Donald J. Trump, *Truth Social* (June 28, 2026, 2:42 PM), https://truthsocial.com/@realDonaldTrump/posts/116829203090822692;<br><br>2. On what date did Clark Construction conduct testing on the excavated soil, and when did NPS receive the results? See Dkt. 38−1 at 2−3 (Nersesian Decl.);<br><br>3. Which individuals from the Agency accompanied President Trump during the site visit?; and<br><br>4. Who created the conceptual renderings reviewed at that visit, and who currently possesses or maintains those renderings?<br><br>Lastly, the Court ORDERS the parties to meet and confer regarding proposed language for an interim preservation protocol governing activities at the site pending Court action. Signed by Judge Ana C. Reyes on 7/6/2026. (lcacr3) (Entered: 07/06/2026) |
| 07/08/2026 | | Set/Reset Deadlines/Hearings: Response to Court's Order due by 7/17/2026. (zcdw) (Entered: 07/08/2026) |
| 07/08/2026 | 60 | TRANSCRIPT OF MOTION HEARING before Judge Ana C. Reyes held on July 2, 2026; Page Numbers: 1−130. Court Reporter Sonja L. Reeves, RDR, CRR, Telephone number (202) 354−3246, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/29/2026. Redacted Transcript Deadline set for 8/8/2026. Release of Transcript Restriction set for 10/6/2026.(Reeves, Sonja) (Entered: 07/08/2026) |
| 07/15/2026 | 62 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on 5/4/2026; Page Numbers: 1−50. Date of Issuance:7/15/2026. Court Reporter Christine T. Asif, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/5/2026. Redacted Transcript Deadline set for 8/15/2026. Release of Transcript Restriction set for 10/13/2026.(Asif, Christine) (Entered: 07/15/2026) |
| 07/17/2026 | 63 | RESPONSE TO ORDER OF THE COURT *Defendants' Response to the Court's July 6, 2026, Minute Order* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re Order,,,,, (Robertson, Michael) Modified event on 7/20/2026 (znmw). (Entered: 07/17/2026) |
| 08/13/2026 | | MINUTE ORDER. Substantial developments have occurred since Plaintiffs filed their 1 Complaint and 8 Motion to Stay, and the Court finds that the operative complaint is outdated. As such, the pending 34 Motion to Dismiss addresses deficiencies that may not appear from an amended complaint. In the interest of judicial economy and efficient case management, Plaintiffs should consider whether to file an amended complaint. If they do not, and if the Court grants the pending 34 Motion to Dismiss, it will do so with prejudice. Plaintiffs shall advise the Court, on or before August 18, 2026, on whether they intend to amend their filings. If so, the Court ORDERS the parties to meet and confer and jointly file a proposed briefing |

| | | |
|---|---|---|
| | | schedule to govern further proceedings. The parties shall file their proposed briefing schedule on or before August 21, 2026. Signed by Judge Ana C. Reyes on 8/13/2026. (lcacr3) (Entered: 08/13/2026) |
| 08/14/2026 | | Set/Reset Deadlines/Hearings: Plaintiff's Notice of Intent due by 8/18/2026. (zcdw) (Entered: 08/14/2026) |
| 08/18/2026 | 64 | NOTICE *of Intent to File Amended and Supplemental Complaint* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Bardwell, Will) (Entered: 08/18/2026) |
| 08/20/2026 | 65 | Joint MOTION for Extension of Time to File *Proposed Briefing Schedule* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Text of Proposed Order)(Samburg, Mark) (Entered: 08/20/2026) |
| 08/20/2026 | | MINUTE ORDER granting 65 Joint Motion for Extension of Time. The Court ORDERS the Parties to file their joint proposed briefing schedule on or before August 27, 2026. Signed by Judge Ana C. Reyes on 8/20/2026. (lcacr3) (Entered: 08/20/2026) |
| 08/21/2026 | | Set/Reset Deadlines/Hearings: Joint Proposed Briefing Schedule due by 8/27/2026. (zcdw) (Entered: 08/21/2026) |
| 08/27/2026 | 66 | PROPOSED BRIEFING SCHEDULE *(Joint Filing)* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 08/27/2026) |
| 08/31/2026 | | MINUTE ORDER. In light of the parties' 66 Proposed Briefing Schedule, the Court ORDERS the parties to appear for a status conference on September 3, 2026, at 2:00 pm. If the parties are unable to attend at that time, they shall propose alternative times on September 3 or 4 for the Court's consideration. Signed by Judge Ana C. Reyes on 8/31/2026. (lcacr3) (Entered: 08/31/2026) |
| 09/01/2026 | | Set/Reset Deadlines/Hearings: Status Conference set for 9/3/2026 at 2:00 PM in Courtroom 12 before Judge Ana C. Reyes. (zcdw) (Entered: 09/01/2026) |
| 09/02/2026 | | MINUTE ORDER. The Status Conference set for September 3, 2026, will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 9/2/2026. (lcacr3) (Entered: 09/02/2026) |
| 09/02/2026 | 67 | NOTICE OF SUPPLEMENTAL AUTHORITY by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Robertson, Michael) (Entered: 09/02/2026) |
| 09/03/2026 | 68 | RESPONSE re 67 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Samburg, Mark) (Entered: 09/03/2026) |
| 09/03/2026 | 69 | NOTICE *of Factual Developments Regarding Work at East Potomac* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Second Declaration of Dave Roberts, # 2 Declaration of Kalli Krumpos)(Bardwell, Will) (Entered: 09/03/2026) |
| 09/03/2026 | | Minute Entry for proceedings held before Judge Ana C. Reyes: Status Conference held on 9/3/2026. (Court Reporter: Christine Asif) (zcdw) (Entered: 09/08/2026) |

| | | |
|---|---|---|
| 09/04/2026 | | MINUTE ORDER. In light of Plaintiffs' forthcoming amended complaint, the Court DENIES as moot Plaintiffs' 8 Motion to Stay/Preliminary Injunction, Plaintiffs' 51 Motion for Discovery, and Defendants' 34 Motion to Dismiss. The Court ORDERS the parties to submit a joint briefing schedule on or before September 15, 2026. Signed by Judge Ana C. Reyes on 9/4/2026. (lcacr3) (Entered: 09/04/2026) |
| 09/09/2026 | | Set/Reset Deadlines/Hearings: Joint Proposed Briefing Schedule due by 9/15/2026. (zcdw) (Entered: 09/09/2026) |
| 09/10/2026 | 70 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on 9/3/2026; Page Numbers: 1−37. Date of Issuance:9/10/2026. Court Reporter Christine T. Asif, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/1/2026. Redacted Transcript Deadline set for 10/11/2026. Release of Transcript Restriction set for 12/9/2026.(Asif, Christine) (Entered: 09/10/2026) |
| 09/14/2026 | 71 | PROPOSED BRIEFING SCHEDULE by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Samburg, Mark) (Entered: 09/14/2026) |
| 09/18/2026 | 72 | MOTION for Leave to File re 1 Complaint,,, by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Exhibit Amended and Suppl. Complaint, # 2 Exhibit Redline Complaint, # 3 Exhibit Exhibit Index, # 4 Exhibit Ex. A, # 5 Exhibit Ex. B, # 6 Exhibit Ex. C, # 7 Exhibit Ex. D, # 8 Exhibit Ex. E, # 9 Exhibit Ex. F, # 10 Exhibit Ex. G, # 11 Exhibit Ex. H, # 12 Exhibit Ex. I, # 13 Exhibit Ex. J, # 14 Exhibit Ex. K, # 15 Text of Proposed Order Rule 15 Proposed Order)(Bardwell, Will) Modified event on 9/21/2026 (znmw). (Entered: 09/18/2026) |
| 09/21/2026 | | MINUTE ORDER. Upon consideration of the parties' 71 Joint Proposed Briefing Schedule, the parties are directed to comply with the following schedule: Defendants will file any Rule 15 opposition and dispositive motion no later than October 9, 2026. Plaintiffs will file, if applicable, a combined reply in support of their Rule 15 motion and any opposition to Defendants' dispositive motion by October 30, 2026. Defendants will file any reply in support of their dispositive motion by November 13, 2026. Signed by Judge Ana C. Reyes on 9/21/26. (lcacr3) (Entered: 09/21/2026) |
| 09/21/2026 | | Set/Reset Deadlines: Dispositive Motions & Rule 15 Opposition (misc ddl) due by 10/9/2026; Reply to Rule 15 Motion & Response to Dispositive Motions due by 10/30/2026; Reply to Dispositive Motions due by 11/13/2026. (mhp) (Entered: 09/22/2026) |

| | | |
|---|---|---|
| 10/09/2026 | 73 | NOTICE of Appearance by Marissa Ann Piropato on behalf of All Defendants (Piropato, Marissa) (Entered: 10/09/2026) |
| 10/09/2026 | 74 | NOTICE *OF ACTIVITY* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Affidavit Dr. Griess)(Piropato, Marissa) (Entered: 10/09/2026) |
| 10/09/2026 | 75 | First MOTION for Summary Judgment *and RESPONSE IN OPPOSITION TO PLAINTIFFS RULE 15 MOTION* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Memorandum in Support of Motion for Summary Judgment and Response to Rule 15 Motion, # 2 Text of Proposed Order, # 3 Affidavit Jessica Bowron, # 4 Exhibit 1A, # 5 Exhibit 1B, # 6 Exhibit 2, # 7 3)(Piropato, Marissa) (Entered: 10/09/2026) |
| 10/09/2026 | 78 | Memorandum in opposition to re 72 MOTION for Leave to File Amended Complaint filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (See Docket Entry 75 to view document). (znmw) (Entered: 10/13/2026) |
| 10/11/2026 | 76 | Emergency MOTION for Temporary Restraining Order *or, Alternatively, For a 14−Day Stay Under Section 705 of the Administrative Procedure Act* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Declaration of Will Bardwell, # 5 Text of Proposed Order)(Bardwell, Will). Added MOTION to Stay on 10/13/2026 (znmw). (Entered: 10/11/2026) |
| 10/12/2026 | | MINUTE ORDER. Having reviewed 76 Emergency Motion for Temporary Restraining Order, the Court ORDERS the parties to attend a TRO Hearing today, October 12, 2026, at 10:00 a.m. The Court will let the parties know as soon as possible whether the hearing will be in person or via Zoom. The parties should be prepared for an in−person hearing. Plaintiffs must be prepared to have a declarant from the 76 Emergency Motion appear who can testify under oath. Signed by Judge Ana C. Reyes on 10/12/2026. (lcacr3) (Entered: 10/12/2026) |
| 10/12/2026 | | MINUTE ORDER clarifying previous Minute Order of 10/12/2026. Defendants' declarant, Kevin Griess, is also ORDERED to appear at today's 10:00 a.m. TRO Hearing and must be prepared to testify under oath. Signed by Judge Ana C. Reyes on 10/12/2026. (lcacr3) (Entered: 10/12/2026) |
| 10/12/2026 | | MINUTE ORDER. The Court ORDERS Defendants to cease all tree removal at East Potomac Golf Course until 7:00 am on October 13, 2026, or further order from the Court, whichever occurs first. Tree removal for routine maintenance is not exempt from this Order.<br><br>Plaintiffs are likely to suffer immediate and irreparable harm in the absence of preliminary relief. The removal of hundreds of trees from East Potomac Golf Course is permanent, while the Government will not be prejudiced by a short delay given that weather might continue to prevent it from proceeding in any event.<br><br>Dr. Griess must be prepared at the 10:00 am hearing to inform the Court, among other topics: who ordered the tree removal and when he received that order; the exact time preparations first began for the tree removal on October 10, 2026; the full chronology and steps of that preparation; and when government counsel was first informed of the plan and timing. |

| | | |
|---|---|---|
| | | Signed by Judge Ana C. Reyes on 10/12/2026 (lcacr3). (Entered: 10/12/2026) |
| 10/12/2026 | | MINUTE ORDER. This morning's TRO Hearing will proceed remotely via Zoom. The Courtroom Deputy, Chashawn White, will provide the parties with a Zoom link. The hearing will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272. Signed by Judge Ana C. Reyes on 10/12/2026. (lcacr3) (Entered: 10/12/2026) |
| 10/12/2026 | | Set/Reset Deadlines/Hearings: Motion Hearing set for 10/12/2026 at 10:00 AM via videoconference (Audio Line Available) before Judge Ana C. Reyes. (zcdw) (Entered: 10/12/2026) |
| 10/12/2026 | | Minute Entry for video proceedings held before Judge Ana C. Reyes: Evidentiary Hearing begun and held on 10/12/2026. Evidentiary Hearing continued to 10/13/2026 at 9:30 AM via videoconference before Judge Ana C. Reyes. The Court granted plaintiff's renewed motion for an advance notification requirement. Parties directed to confer on proposed language and to submit a proposed order to the Court for consideration. (Hearing Witnesses: Kevin Griess and Frank Lands) (Court Reporter: Sara Wick) (zcdw) Modified on 10/13/2026 to correct typo (zcdw). (Entered: 10/12/2026) |
| 10/12/2026 | 77 | NOTICE of Appearance by Adam R.F. Gustafson on behalf of All Defendants (Gustafson, Adam) (Main Document 77 replaced on 10/13/2026) (znmw). (Entered: 10/12/2026) |
| 10/12/2026 | | MINUTE ORDER. The Court ORDERS that tomorrow's (10/12/2026) continuation of the evidentiary hearing is RESCHEDULED for Monday, October 19, at 10:00 a.m. The Court ORDERS that Gregory Wischer and Jessica Bowron attend Mondays TRO/PI evidentiary hearing and be prepared to present sworn testimony. Either party may bring additional witnesses if they choose. The Court further ORDERS that any Motion for Preliminary Injunction must be filed by Wednesday, October 14, at 12:00 p.m. Any brief in opposition must be filed by Friday, October 16, at 12:00 p.m. Any reply is due by Saturday, October 17, at 9:00 p.m. Signed by Judge Ana C. Reyes on 10/12/2026. (lcacr3) (Entered: 10/12/2026) |
| 10/13/2026 | | Set/Reset Deadlines/Hearings: Motion for preliminary injunction due by 10/14/2026. Response due by 10/16/2026 Reply due by 10/17/2026. Evidentiary Hearing continued to 10/19/2026 at 10:00 AM in Courtroom 12 before Judge Ana C. Reyes. (zcdw) (Entered: 10/13/2026) |
| 10/13/2026 | | MINUTE ORDER granting 76 Emergency Motion for Temporary Restraining Order. On this limited record, Plaintiffs have demonstrated a likelihood of success on jurisdiction and on their NEPA claim. Plaintiffs have also shown that they will likely suffer irreparable harm absent injunctive relief. The Court further finds that the balance of equities tips in Plaintiffs' favor.<br><br>The Court ORDERS that Defendants may not fell any further trees on the East Potomac Golf Course through Monday, October 26, 2026. The Court further ORDERS that through Monday, October 26, 2026, the Government must provide the Court and Plaintiffs three business days' written advance notice prior to making any irreparable modification to any permanent form or feature of the East Potomac Golf Course. Memorandum Opinion to follow. |

| | | |
|---|---|---|
| | | Signed by Judge Ana C. Reyes on 10/13/2026. (lcacr3) (Entered: 10/13/2026) |
| 10/13/2026 | 79 | MEMORANDUM OPINION granting Plaintiffs' 76 Emergency Motion for Temporary Retraining Order. See document for details. Signed by Judge Ana C. Reyes on 10/13/2026. (lcacr3) (Entered: 10/13/2026) |
| 10/14/2026 | | MINUTE ORDER. In line with Section 5(a)(ii) of the Court's 10 Standing Order, the Court ORDERS that Plaintiffs must submit jointly prepared Key Cases binders related to the preliminary injunction briefing. The binders should arrive in chambers no later than 12:00 p.m. on Friday, October 16. Due to the nature of the case, the parties should prepare four Key Cases binders, each of which must be indexed and tabbed: (1) Cases related to Article III Standing; (2) Cases related to Final Agency Action; (3) Cases related to NEPA; (4) Cases related to any remaining issues the parties would like to discuss. Signed by Judge Ana C. Reyes on 10/14/2026. (lcacr3) (Entered: 10/14/2026) |
| 10/14/2026 | 80 | MOTION for Preliminary Injunction by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support, # 2 Declaration Will Bardwell, # 3 Exhibit Ex. A, # 4 Text of Proposed Order)(Bardwell, Will). Added MOTION to Stay on 10/14/2026 (znmw). (Entered: 10/14/2026) |
| 10/14/2026 | 81 | REPLY to opposition to motion re 72 Motion to Amend/Correct,, *Reply in Support of Rule 15 Motion* filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Samburg, Mark) (Entered: 10/14/2026) |
| 10/14/2026 | 82 | NOTICE *OF ACTIVITY* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Piropato, Marissa) (Entered: 10/14/2026) |
| 10/15/2026 | | MINUTE ORDER granting Plaintiffs' 72 Motion for Leave to file Amended and Supplemental Complaint. Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave when justice so requires." Defendants argue only that amendment would be futile. Dkt. 75 at 2. The Court disagrees. Regardless, the Court "may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). Because of the fast−moving factual developments in this case, the Court finds that it is in the interest of justice for Plaintiffs to file their Amended and Supplemental Complaint. Signed by Judge Ana C. Reyes on 10/15/2026. (lcacr3) (Entered: 10/15/2026) |
| 10/15/2026 | 83 | MOTION for Leave to File Amicus Brief by HAINS POINT RUNNERS, CHERRY BLOSSOM, INC.. (Attachments: # 1 Proposed Amicus Brief, # 2 Appendix a, # 3 Appendix B, # 4 Appendix C, # 5 Appendix D, # 6 Appendix E, # 7 Appendix F, # 8 Appendix G, # 9 Appendix H, # 10 Appendix I, # 11 Text of Proposed Order)(Pemberton, Alan) (Entered: 10/15/2026) |
| 10/15/2026 | | MINUTE ORDER. The preliminary injunction evidentiary hearing set for 10:00 a.m. on Monday, October 19, 2026, will be held in−person in Courtroom 12. Consistent with the Court's prior Minute Order on October 12, 2026, the Court ORDERS that Gregory Wischer and Jessica Bowron appear in−person at the hearing. The Court further ORDERS that Frank Lands and Kevin Griess be available for sworn testimony as needed, in−person or virtually.<br><br>The hearing will be accessible to the public via the Court's public access dial−in line, except for when sworn testimony is taken. The Court will begin the evidentiary |

| | | |
|---|---|---|
| | | hearing by taking sworn testimony. The public access telephone number is 833−990−9400, and the access code is 787605272. It is ORDERED that the attendees using the public access telephone line shall adhere to the following: Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge.<br><br>Signed by Judge Ana C. Reyes on 10/15/2026. (lcacr3) (Entered: 10/15/2026) |
| 10/15/2026 | | MINUTE ORDER granting 83 Motion for Leave to File Amicus Brief. Signed by Judge Ana C. Reyes on 10/15/2026. (lcacr3) (Entered: 10/15/2026) |
| 10/15/2026 | 97 | AMICUS BRIEF by CHERRY BLOSSOM, INC., HAINS POINT RUNNERS. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D, # 5 Appendix E, # 6 Appendix F, # 7 Appendix G, # 8 Appendix H, # 9 Appendix I)(znmw) (Entered: 10/20/2026) |
| 10/15/2026 | 98 | AMENDED AND SUPPLEMENTAL COMPLAINT against JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE filed by ALEX DICKSON, DAVE ROBERTS, DC PRESERVATION LEAGUE. (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K)(znmw) (Entered: 10/21/2026) |
| 10/16/2026 | 84 | Memorandum in opposition to re 80 MOTION for Preliminary Injunction MOTION to Stay filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Affidavit DR. KEVIN GRIESS, # 2 Text of Proposed Order)(Piropato, Marissa) (Entered: 10/16/2026) |
| 10/16/2026 | | MINUTE ORDER. The Court encourages the parties to find opportunities for young lawyers to present oral argument. If a young lawyer argues, amicus curiae Hains Point Runners will be given 15 minutes of argument time at the Evidentiary Hearing on Monday, October 19.<br><br>If the Government wishes to cross−examine the individual Plaintiffs or any representative of the organizational Plaintiff, the Government must inform Plaintiffs of its position by noon on October 17, 2026. Any Plaintiff the Government identifies is ORDERED to appear at the Hearing in person.<br><br>Given his recently filed declaration, Dr. Griess is now ORDERED to appear at the Hearing in person. If called to testify, Mr. Lands may still do so in person or remotely.<br><br>Signed by Judge Ana C. Reyes on 10/16/2026. (lcacr3) (Entered: 10/16/2026) |
| 10/16/2026 | 85 | NOTICE of Appearance by Stanley Edmund Woodward, Jr on behalf of All Defendants (Woodward, Stanley) (Entered: 10/16/2026) |
| 10/16/2026 | 86 | MOTION to Disqualify Judge *and Release Audio* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order)(Woodward, Stanley) (Entered: 10/16/2026) |
| 10/16/2026 | | MINUTE ORDER. The Court ORDERS Plaintiffs to file a response to Defendants' 86 Motion by October 18, 2026, at 2:00 p.m. Signed by Judge Ana C. Reyes on 10/16/2026. (lcacr2) (Entered: 10/16/2026) |
| 10/16/2026 | | MINUTE ORDER. The Court ORDERS Defendants to file a response to Plaintiff's opposition by October 18, 2026, at 8:00 p.m. Signed by Judge Ana C. Reyes on 10/16/2026. (lcacr2) (Entered: 10/16/2026) |
| 10/16/2026 | 87 | NOTICE *of Corrections Regarding Plaintiffs' Positions on Defendants' Motion* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS re 86 Motion to Disqualify Judge (Samburg, Mark) (Entered: 10/16/2026) |
| 10/17/2026 | 88 | REPLY re 80 MOTION for Preliminary Injunction MOTION to Stay filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 10/17/2026) |
| 10/18/2026 | 89 | NOTICE of Appearance by Robert N. Stander on behalf of All Defendants (Stander, Robert) (Entered: 10/18/2026) |
| 10/18/2026 | 90 | RESPONSE re 86 MOTION to Disqualify Judge *and Release Audio* filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Eisen, Norman) (Entered: 10/18/2026) |
| 10/18/2026 | | MINUTE ORDER. The Court takes judicial notice of President Donald J. Trump's 10:09 a.m. Truth Social post on October 18, 2026, which states:<br><br>"I am pleased to announce that the Department of the Interior, under the auspices of Secretary Doug Burgum, and in conjunction with famed Golf Course Architect, Tom Fazio, has developed a plan to build a World Class Championship Golf Course on the site of the current East Potomac Golf Links, located in Washington, D.C. When completed, it will be open to the Public while, at the same time, designed to the Highest Level of Golf and able to hold World Class Tournaments such as the U.S. Open, the PGA Championship, the Ryder Cup, and the Presidents Cup. This Course will create many Jobs, and have a tremendously positive Economic Development impact on Washington, D.C., and the surrounding area. Millions of Dollars will inure to the Capital area. The current Course is old, broken, dilapidated, and of no further use or effect. It is in very poor condition, with falling, dangerous, and disease infested trees and, importantly, a collapsing and hazardous seawall. When the East Potomac Course was originally built, it was famous for no trees, with views of Washington, D.C., for all to see, but now, it is completely overgrown, dysfunctional, and unsafe. Restoration work will begin on the Fazio Design on November 15th, when the old Course will be closed to play. The new Course will be opened in approximately 15 months. The United States Golf Association, PGA of America, and the PGA Tour have already been notified that they will soon have one of the Best and Most Spectacular Golf Courses anywhere in the World to put on their list of great places to play, and hold Major Events. Thank you for your attention to this matter! President DONALD J. TRUMP"<br><br>The Court ORDERS that the Government notify it, by 8:00 p.m. today, whether it continues to take the position that it took in its October 16, 2026, filing, that, "there is no final agency action" and that "at most [] the President has given preliminary |

| | | |
|---|---|---|
| | | thought to" the plan to rebuild East Potomac Golf Course. Dkt. 84 at 33−34.<br><br>The Court further ORDERS Government counsel Stanley Woodward, Jr. and Robert Stander, who have filed appearances in this case, to attend in−person Monday's hearing.<br><br>Signed by Judge Ana C. Reyes on 10/18/2026. (lcacr3) (Entered: 10/18/2026) |
| 10/18/2026 | 91 | NOTICE *of Factual Development Regarding Release of Golf Course Design* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit A (First Truth Social post), # 2 Exhibit B (Second Truth Social post))(Bardwell, Will) (Entered: 10/18/2026) |
| 10/18/2026 | 92 | NOTICE of Appearance by Benjamin Hayes on behalf of All Defendants (Hayes, Benjamin) (Entered: 10/18/2026) |
| 10/18/2026 | 93 | NOTICE of Appearance by Andrew Block on behalf of All Defendants (Block, Andrew) (Entered: 10/18/2026) |
| 10/18/2026 | 94 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,,, *Regarding Defendants' Position on Final Agency Action* filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Woodward, Stanley) (Entered: 10/18/2026) |
| 10/18/2026 | 95 | MEMORANDUM OPINION AND ORDER denying 86 Motion to Disqualify Judge. See Order for further details. Signed by Judge Ana C. Reyes on 10/18/2026. (lcacr2) Modified on 10/19/2026 to update order type (zcdw). (Main Document 95 replaced on 10/19/2026) (zcdw). (Entered: 10/18/2026) |
| 10/19/2026 | 96 | NOTICE *of Factual Development Regarding Another Social Media Post by the President of the United States* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit A (Truth Social post))(Bardwell, Will) (Entered: 10/19/2026) |
| 10/19/2026 | | MINUTE ORDER. The public access telephone line is now open because sworn testimony is complete. *See* Min. Order (Oct. 15, 2026 3:18 PM).<br><br>The public access dial−in number is 833−990−9400, and the access code is 787605272. It is ORDERED that the attendees using the public access telephone line shall adhere to the following: Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. Signed by Judge Ana C. Reyes on 10/19/2026. (lcgv) (Entered: 10/19/2026) |
| 10/19/2026 | | Minute Entry for proceedings held before Judge Ana C. Reyes: Evidentiary Hearing resumed and concluded on 10/19/2026. Motion 80 for Preliminary Injunction, heard and taken under advisement. (Hearing Witnesses: Gregory Wischer, Jessica Bowron, and Kevin Griess) (Court Reporter Christine Asif.) (zcdw) (Entered: 10/20/2026) |
| 10/19/2026 | | DEPOSIT of Bond in the amount of $ 1.00, Receipt Number 212759. (zjm) (Entered: 10/21/2026) |

| | | |
|---|---|---|
| 10/22/2026 | 99 | MOTION for Extension of Time to *Extend TRO and Resume Testimony of Gregory Wischer or, Alternatively, to Order Production of Text Messages* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will). Added MOTION for Order on 10/23/2026 (znmw). (Entered: 10/22/2026) |
| 10/22/2026 | | MINUTE ORDER denying 99 Motion to Resume Testimony and to Extend TRO.<br><br>The Court DENIES without prejudice the Motion to Resume Testimony and DENIES the Motion to Extend the Temporary Restraining Order. Plaintiffs may renew their Motion to Resume Testimony in advance of a permanent injunction hearing.<br><br>That noted, the Court ORDERS the Government to ensure that Wischer has taken appropriate steps to preserve the contents of his personal phone. The Court also expands its order that Wischer preserve text messages regarding this litigation, see Oct. 19 Rough Tr. at 97:9−11, to include preservation of any material concerning the East Potomac Golf Course and this litigation. This order should be broadly construed.<br><br>Signed by Judge Ana C. Reyes on 10/22/2026. (lcacr3) (Entered: 10/22/2026) |
| 10/23/2026 | 100 | MOTION for Leave to File Amicus Brief by WASHINGTON AREA BICYCLIST ASSOCIATION. (Attachments: # 1 Amicus Brief, # 2 Text of Proposed Order)(Coppinger, Nessa) (Entered: 10/23/2026) |
| 10/26/2026 | 101 | ORDER granting 80 Motion for Preliminary Injunction. See document for details. Signed by Judge Ana C. Reyes on 10/26/2026. (lcacr3) (Entered: 10/26/2026) |
| 10/26/2026 | 102 | ENTERED IN ERROR...........MEMORANDUM OPINION granting Plaintiffs' 80 Motion for Preliminary Injunction. See document for details. Signed by Judge Ana C. Reyes on 10/26/2026. (lcacr3) Modified on 10/27/2026 (zcdw). (Entered: 10/26/2026) |
| 10/26/2026 | 103 | MEMORANDUM OPINION granting Plaintiffs' 80 Motion for Preliminary Injunction. See document for details. Signed by Judge Ana C. Reyes on 10/26/2026. (lcacr3) (Entered: 10/26/2026) |
| 10/27/2026 | | Set/Reset Deadlines/Hearings: Response to Show Cause Order due by 10/28/2026. Notice of any ambiguity due by 10/28/2026. (zcdw) (Entered: 10/27/2026) |
| 10/27/2026 | | MINUTE ORDER. The Court takes judicial notice of President Donald J. Trump's Truth Social post at 11:37 p.m. on October 26, 2026, stating, "We are closing the East Potomac Golf Course Site as scheduled on November 15th in order to renovate and rebuild for Competitive (with other such projects!), Safety, Modernization, and Aesthetic reasons."<br><br>Associate Attorney General Stanley Woodward told the Court on October 19 that "[w]ith regard to the November 15th date... there is no plan to close the course."<br><br>The Court ORDERS Defendants to clarify, as part of their response to the Court's show−cause order from October 26, whether any plan exists to close East Potomac Golf Course on or around November 15, 2026. And, if so, how that can be reconciled with Associate AG Woodward's representation to the Court. The deadline to file the response is EXTENDED to 3:00 p.m. on October 28, 2026.<br><br>The Court will set a status hearing for Friday, October 30, 2026, or Monday, |

| | | |
|---|---|---|
| | | November 2, 2026. Associate AG Woodward is ORDERED to appear at the hearing. The parties are ORDERED to reach out to the Courtroom Deputy, Chashawn White (chashawn_white@dcd.uscourts.gov), to set a time.<br><br>Signed by Judge Ana C. Reyes on 10/27/2026. (lcacr3) (Entered: 10/27/2026) |
| 10/27/2026 | 104 | First MOTION for Extension of Time to File Response/Reply as to 75 First MOTION for Summary Judgment *and RESPONSE IN OPPOSITION TO PLAINTIFFS RULE 15 MOTION* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Text of Proposed Order)(Samburg, Mark) (Entered: 10/27/2026) |
| 10/27/2026 | 105 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 101 Order on Motion for Preliminary Injunction, Order on Motion to Stay, 103 Memorandum & Opinion by NATIONAL PARK SERVICE, JESSICA BOWRON, DEPARTMENT OF INTERIOR, DOUG BURGUM. Fee Status: No Fee Paid. (Piropato, Marissa) Modified event on 11/19/2026 (znmw). (Entered: 10/27/2026) |
| 10/28/2026 | 106 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 105 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 10/28/2026) |
| 10/28/2026 | | MINUTE ORDER. As stated in Section 9(c) of the Court's 10 Standing Order, "A party opposing a motion for an extension of time or continuance of a scheduled hearing date must file, by 5:00 PM of the business day after the motion is filed, the party's reasons for opposing the motion. If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded." Accordingly, the Court ORDERS that Defendants file any opposition to Plaintiffs' 104 First Motion for Extension of Time by 5:00 p.m. today, October 28, 2026. Signed by Judge Ana C. Reyes on 10/28/2026. (lcacr3) (Entered: 10/28/2026) |
| 10/28/2026 | 107 | RESPONSE TO ORDER TO SHOW CAUSE re Order,,,,, filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Woodward, Stanley) (Entered: 10/28/2026) |
| 10/28/2026 | | USCA Case Number 26−5374 for 105 Notice of Appeal to DC Circuit Court, filed by DEPARTMENT OF INTERIOR, DOUG BURGUM, NATIONAL PARK SERVICE, JESSICA BOWRON. (znmw) (Entered: 10/28/2026) |
| 10/28/2026 | 108 | NOTICE *of Defendants' position (non−opposition) to Plaintiffs' motion* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re Order,, 104 Motion for Extension of Time to File Response/Reply, (Block, Andrew) (Entered: 10/28/2026) |
| 10/28/2026 | | MINUTE ORDER granting Plaintiffs' unopposed 104 Motion for Extension of Time. Plaintiffs shall file their opposition to Defendants' 75 Motion for Summary Judgment no later than November 30, 2026. Signed by Judge Ana C. Reyes on 10/28/2026. (lcacr3) (Entered: 10/28/2026) |
| 10/28/2026 | | MINUTE ORDER. The Court ORDERS the parties to attend an in−person hearing at 10:00 a.m. on Friday, October 30, 2026. The Court will hear argument on Defendants' 107 Response To Order To Show Cause. The Court ORDERS the Government to come prepared to state at the hearing: (1) whether it continues to maintain that there is no final agency action; (2) the dates and times at which |

| | | |
|---|---|---|
| | | President Trump "twice directed Interior and the National Park Service to close the park by November 15," Dkt. 107 at 4; and (3) the first date "Interior, acting through counsel" began "working to develop a plan to implement that direction," *id.* Associate Attorney General Woodward remains ORDERED to appear at the hearing in person. The Court FURTHER ORDERS the attendance of at least one counsel from the Department of the Interior's Office of the Solicitor with pre−existing experience on this case.<br><br>Signed by Judge Ana C. Reyes on 10/28/2026. (lcacr3) (Entered: 10/28/2026) |
| 10/28/2026 | 109 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Notification (Under Seal), # 2 Exhibit Notification (Under Seal), # 3 Text of Proposed Order)(Robertson, Michael) (Entered: 10/28/2026) |
| 10/28/2026 | 110 | NOTICE OF FILING REDACTED DOCUMENT by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit (Redacted), # 2 Exhibit (Redacted))(Robertson, Michael) (Entered: 10/28/2026) |
| 10/28/2026 | 111 | NOTICE by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit A to Notice, # 2 Declaration of Bowron, # 3 Exhibit A to Bowron Declaration, # 4 Exhibit B to Bowron Declaration, # 5 Exhibit C to Bowron Declaration, # 6 Exhibit D to Bowron Declaration)(Woodward, Stanley) (Entered: 10/28/2026) |
| 10/29/2026 | | Set/Reset Deadlines/Hearings: Oral Argument set for 10/30/2026 at 10:00 AM in Courtroom 12 Judge Ana C. Reyes. (zcdw) (Entered: 10/29/2026) |
| 10/29/2026 | | Set/Reset Deadlines/Hearings: Response to Motion for Summary Judgment due by 11/30/2026. (zcdw) (Entered: 10/29/2026) |
| 10/29/2026 | 112 | MOTION to Stay re 101 Order on Motion for Preliminary Injunction, Order on Motion to Stay, 103 Memorandum & Opinion by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Piropato, Marissa) (Entered: 10/29/2026) |
| 10/29/2026 | 113 | NOTICE *of Fact Development Regarding Latest Social Media Post* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit A (Truth Social posts, Oct. 28), # 2 Exhibit B (Truth Social post, Oct. 26))(Bardwell, Will) (Entered: 10/29/2026) |
| 10/29/2026 | 114 | NOTICE *(Amended) of Factual Development Regarding Latest Social Media Post* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS re 113 Notice (Other) (Attachments: # 1 Exhibit A (Truth Social posts, Oct. 28), # 2 Exhibit B (Truth Social post, Oct. 26))(Bardwell, Will) (Entered: 10/29/2026) |
| 10/29/2026 | | MINUTE ORDER. The hearing set for tomorrow, October 30, 2026, at 10:00 a.m., will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272.<br><br>It is ORDERED that the attendees using the public access telephone line shall adhere to the following: Persons remotely accessing court proceedings are reminded of the |

| | | |
|---|---|---|
| | | general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge.<br><br>Signed by Judge Ana C. Reyes on 10/29/2026. (lcacr3) (Entered: 10/29/2026) |
| 10/29/2026 | | MINUTE ORDER. Given her recently filed declaration, *see* Dkt. 111−2, Jessica Bowron is now ORDERED to appear at tomorrow's hearing in person. Signed by Judge Ana C. Reyes on 10/29/2026. (lcacr2) (Entered: 10/29/2026) |
| 10/30/2026 | | MINUTE ORDER. For the reasons discussed today on the record, and with some minor modifications of deadlines and dates, the Court ORDERS the following: (1) By November 2, 2026, at 10:00 a.m., the Government will file with the Court the names of all individuals who have participated in preparing the submission identified at Docket 111−1 to the National Capitol Planning Commission (NCPC Proposal). The Government may file under seal.<br><br>(2) By October 31, 2026, at 5:00 p.m, the parties must meet and confer, in person, to discuss the scope of the Court's notice requirement in its preliminary injunction order, Dkt. 101. A non−lawyer with knowledge of this case from the National Park Service must attend. The parties shall then file either a joint proposal or competing proposals. The parties must file any joint proposal by November 3, 2026, at 10:00 a.m. If the parties cannot agree to a joint proposal, the Government must file its proposal by November 3, 2026, at 10:00 a.m., and Plaintiffs must file their proposal by November 4, at 10:00 a.m.<br><br>(3) By November 2, 2026, at 10:00 a.m., the Government must brief whether, and if so, how, the deliberative process privilege protects it from disclosing the date on which tree removal and/or a links−style golf design was first added to the NCPC Proposal. Plaintiffs must file any response by November 3, 2026, at 10:00 a.m.<br><br>(4) By November 5, 2026, Plaintiffs must file any motion in connection with the NCPC Proposal, Dkt. 111−1. The Government shall file any reply by November 6, 2026. If either party wishes to be heard on a new motion, the parties should jointly contact the Courtroom Deputy (Chashawn_White@dcd.uscourts.gov) to schedule a hearing.<br><br>(5) By November 2, 2026, the Government will disclose whether there is a contract with Fazio Design, Tom Fazio, or Gavin Fazio to design or otherwise renovate the East Potomac Golf Course. Signed by Ana C. Reyes on 10/30/2026. (lcacr2) Modified on 10/30/2026 update order text and order type (zcdw). (Entered: 10/30/2026) |
| 10/30/2026 | | MINUTE ORDER. The Court ORDERS the parties to meet and confer and to file a proposed preservation order on or before November 2, 2026. The Court adds this as a separate Minute Order to alert counsel, as it did not reference it at today's hearing. Signed by Judge Ana C. Reyes on 10/30/2026. (lcacr2) (Entered: 10/30/2026) |
| 10/30/2026 | 115 | TRANSCRIPT OF MOTION HEARING before Judge Ana C. Reyes held on 10/12/2026. Page Numbers: 1−159. Date of Issuance: 10/30/2026. Court Reporter: Sara Wick, telephone number 202−354−3284. Transcripts may be ordered by |

| | | |
|---|---|---|
| | | submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2026. Redacted Transcript Deadline set for 11/30/2026. Release of Transcript Restriction set for 1/28/2027.(Wick, Sara) (Entered: 10/30/2026) |
| 10/30/2026 | 116 | MOTION to Compel *Immediate Production of October 30, 2026 National Capital Planning Commission Filings* by DC PRESERVATION LEAGUE. (Attachments: # 1 Text of Proposed Order)(Lowell, Abbe) (Entered: 10/30/2026) |
| 10/30/2026 | | Minute Entry or proceedings held before Judge Ana C. Reyes: Oral Argument held on 10/30/2026. (Court Reporter: Christine Asif) (zcdw) (Entered: 10/30/2026) |
| 10/30/2026 | | MINUTE ORDER. The Court ORDERS the Government to respond to Plaintiffs' 116 Motion to Compel by tomorrow, October 31, 2026, at 10:00 a.m. Signed by Judge Ana C. Reyes on 10/30/2026. (lcacr1) (Entered: 10/30/2026) |
| 10/30/2026 | 117 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Notifications (Under Seal), # 2 Text of Proposed Order)(Robertson, Michael) (Entered: 10/30/2026) |
| 10/30/2026 | 118 | NOTICE OF FILING REDACTED DOCUMENT by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit (Redacted))(Robertson, Michael) (Entered: 10/30/2026) |
| 10/31/2026 | 119 | RESPONSE re 116 MOTION to Compel *Immediate Production of October 30, 2026 National Capital Planning Commission Filings* filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Piropato, Marissa) (Entered: 10/31/2026) |
| 10/31/2026 | | MINUTE ORDER. Upon consideration of Defendants' 119 Response, the Court DENIES Plaintiffs' 116 Motion to Compel as moot. Signed by Judge Ana C. Reyes on 10/31/2026. (lcacr2) (Entered: 10/31/2026) |
| 11/01/2026 | 120 | MOTION for Extension of Time to *Respond to Minute Order* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 11/01/2026) |
| 11/01/2026 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER. The Court GRANTS the Government's 120 Motion for Extension of Time. The Government's response is due by November 3, 2026, at 10:00 a.m. Signed by Judge Ana C. Reyes on 11/1/2026. (lcacr1) (Entered: 11/01/2026) |
| 11/02/2026 | 121 | RESPONSE TO ORDER OF THE COURT re Order,,,,,,, filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Block, Andrew) (Entered: 11/02/2026) |
| 11/02/2026 | | MINUTE ORDER granting 109 Sealed Motion for Leave to File Document Under Seal; granting 117 Sealed Motion for Leave to File Document Under Seal. Upon consideration of the *Hubbard* factors, the Court concludes that Defendants may file unredacted copies of the relevant notifications under seal. Signed by Judge Ana C. Reyes on 11/2/2026. (lcacr3) (Entered: 11/02/2026) |
| 11/02/2026 | | MINUTE ORDER granting 100 Motion for Leave to File Amicus Brief. Signed by Judge Ana C. Reyes on 11/2/2026. (lcacr3) (Entered: 11/02/2026) |
| 11/02/2026 | 122 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on 10/19/2026; Page Numbers: 1−325. Date of Issuance:11/2/2026. Court Reporter Christine T. Asif, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/23/2026. Redacted Transcript Deadline set for 12/3/2026. Release of Transcript Restriction set for 1/31/2027.(Asif, Christine) (Entered: 11/02/2026) |
| 11/02/2026 | 123 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on 10/30/2026; Page Numbers: 1−98. Date of Issuance:11/2/2026. Court Reporter Christine T. Asif, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be |

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/23/2026. Redacted Transcript Deadline set for 12/3/2026. Release of Transcript Restriction set for 1/31/2027.(Asif, Christine) (Entered: 11/02/2026) |
| 11/02/2026 | 124 | Consent MOTION for Extension of Time to *file Proposed Preservation Order* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 11/02/2026) |
| 11/02/2026 | | MINUTE ORDER granting 124 Consent Motion for Extension of Time. The Court ORDERS that the parties file a proposed preservation order with the Court no later than November 9, 2026. Signed by Judge Ana C. Reyes on 11/2/2026. (lcacr3) (Entered: 11/02/2026) |
| 11/02/2026 | 125 | NOTICE *Regarding East Potomac Golf Course Design* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re Order,,,,,,,, (Woodward, Stanley) (Entered: 11/02/2026) |
| 11/02/2026 | | DEPOSIT of Bond in the amount of $ 1.00, Receipt Number 212840. Re 101 . (zjm) (Entered: 11/04/2026) |
| 11/02/2026 | 135 | AMICUS BRIEF by WASHINGTON AREA BICYCLIST ASSOCIATION. (znmw) (Entered: 11/05/2026) |
| 11/02/2026 | 136 | SEALED DOCUMENT (Notifications) filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Notification)(znmw) (Entered: 11/05/2026) |
| 11/02/2026 | 137 | SEALED DOCUMENT (Notification) filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 11/05/2026) |
| 11/03/2026 | 126 | NOTICE of Appearance by Kevin E. Friedl on behalf of DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Friedl, Kevin) (Entered: 11/03/2026) |
| 11/03/2026 | 127 | REPLY re 121 Response to Order of the Court filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Zimliki, Lindsay) (Entered: 11/03/2026) |
| 11/03/2026 | 128 | Memorandum in opposition to re 112 MOTION to Stay re 101 Order on Motion for Preliminary Injunction, Order on Motion to Stay, 103 Memorandum & Opinion filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Ex. 1 − NCPC Submission)(Friedl, Kevin) (Entered: 11/03/2026) |
| 11/03/2026 | 129 | NOTICE *of Proposal* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Robertson, Michael) (Entered: 11/03/2026) |
| 11/03/2026 | 130 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re Order,,,,,,,, (This document is SEALED and only available to authorized persons.)(Woodward, Stanley) (Entered: 11/03/2026) |
| 11/03/2026 | 131 | NOTICE OF FILING REDACTED DOCUMENT to 130 Sealed Document, Order,,,,,,,, *Regarding Individuals Participating in National Capitol Planning Commission Proposal* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Redacted Submission)(Woodward, Stanley) (Entered: 11/03/2026) |
| 11/03/2026 | | MINUTE ORDER. The Court previously ordered that any motion filed in connection with the NCPC Proposal be filed on November 5, 2026. *See* First Min. Order (Oct. 30, 2026). The Court adjusts several deadlines. Assuming that a motion is filed, the Court ORDERS that any response by the Government is due by the end of the day on Monday, November 9. Any reply by Plaintiffs is due by the end of the day on Tuesday, November 10. The Court SETS an in−person hearing on any motion filed for 10:00 a.m. on Friday, November 13. No fact witnesses will be called to the hearing. The Court ORDERS Associate AG Stanley Woodward to attend in person.<br><br>The Court permitted the Government to file with the Court "the names of all individuals who have participated in preparing the submission identified at Docket 111−1" under seal. First Min. Order (Oct. 30, 2026). The Government did so. Sealed Dkt. 130. The Court ORDERS that the parties simultaneously brief whether Dkt. 130 should be unsealed no later 10:00 a.m. on Thursday, November 12. Signed by Judge Ana C. Reyes on 11/3/2026. (lcacr3) (Entered: 11/03/2026) |
| 11/04/2026 | 132 | NOTICE of Appearance by Anna Lynn Deffebach on behalf of All Plaintiffs (Deffebach, Anna) (Entered: 11/04/2026) |
| 11/04/2026 | 133 | NOTICE *of Proposal* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Exhibit A)(Lowell, Abbe) (Entered: 11/04/2026) |
| 11/04/2026 | 134 | Unopposed MOTION for Leave to File *Reply Brief* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 11/04/2026) |
| 11/04/2026 | | MINUTE ORDER granting 134 Motion for Leave to File Reply. The Court ORDERS that the Government's reply is due by 5:00 p.m. on November 5, 2026. Signed by Judge Ana C. Reyes on 11/4/2026. (lcacr3) (Entered: 11/04/2026) |
| 11/04/2026 | | Set/Reset Deadlines/Hearings: Reply to 121 due by 11/5/2026. Proposed preservation order due by 11/9/2026. Briefs re Sealed Dkt. 130 due by 11/12/2026. Response to Motion for Summary Judgment due by 11/30/2026. Motions filed in connection with the NCPC Proposal due by 11/5/2026. Responses due by 11/9/2026. Replies due by 11/10/2026. Motion Hearing set for 11/13/2026 at 10:00 AM in Courtroom 12 before Judge Ana C. Reyes. (zcdw) (Entered: 11/04/2026) |
| 11/05/2026 | 138 | NOTICE of Appearance by Robert Andrew Crossin on behalf of All Defendants (Crossin, Robert) (Entered: 11/05/2026) |
| 11/05/2026 | 139 | MOTION for Temporary Restraining Order *or, Alternatively, a 14−Day Stay Under 5 U.S.C. § 705 Against Closure of East Potomac Park* by DC PRESERVATION |

| | | |
|---|---|---|
| | | LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support of Motion for Temporary Restraining Order or, Alternatively, a 14−Day Stay Under 5 U.S.C. § 705 Against Closure of East Potomac Park, # 2 Exhibit A (NCPC Presentation), # 3 Exhibit B (Third Declaration of Rebecca Miller), # 4 Exhibit C (NPS Management Policies), # 5 Exhibit D (Cultural Landscape Report), # 6 Exhibit E (Cultural Landscape Inventory), # 7 Text of Proposed Order)(Bardwell, Will). Added MOTION to Stay on 11/5/2026 (znmw). (Entered: 11/05/2026) |
| 11/05/2026 | 140 | REPLY re Order,,,,,,, filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Block, Andrew) (Entered: 11/05/2026) |
| 11/06/2026 | 141 | MOTION for Leave to File *Supplemental Brief* by CHERRY BLOSSOM, INC., HAINS POINT RUNNERS. (Attachments: # 1 Supplemental Brief of Amicus Curiae, # 2 Declaration of Rob Wolfe, # 3 Declaration of Phil Stewart, # 4 Declaration of Matthew Sarge, # 5 Proposed Order)(Pemberton, Alan) (Entered: 11/06/2026) |
| 11/07/2026 | | MINUTE ORDER. For the reasons stated at the October 30, 2026, hearing, the Court intends to appoint a special master to investigate whether Department of Justice or Department of the Interior counsel have committed ethical violations in this matter through October 31, 2026. *See* Dkt. 123 at 70−74; *see also* Federal Rule of Civil Procedure 53. The Court gives Notice of its intent to appoint former United States Attorney Jessie K. Liu as the Special Master.<br><br>Ms. Liu served as the United States Attorney for the District of Columbia from 2017 to 2020, the same office in which she previously served as an assistant U.S. attorney. In addition, she has held senior positions at the Justice Department. These include deputy assistant attorney general in the Civil Rights Division; counsel to the deputy attorney general on national security issues; and deputy chief of staff for the National Security Division. Ms. Liu also served as deputy general counsel of the U.S. Department of the Treasury. In addition, Ms. Liu has been a partner at several international law firms. She is currently a partner at Liu Shur Kravis LLP.<br><br>Pursuant to Rule 53(b)(1), the Court provides the parties an opportunity to be heard on its intent to appoint Ms. Liu at the Government's cost. Any party wishing to be heard shall do so in writing by 10:00 a.m. on Friday, November 13, 2026. Any response by the Government will be without prejudice to its argument, if any, that the Court should not conduct an ethics inquiry. If the Court appoints Ms. Liu, it will enter a detailed order doing so. Signed by Judge Ana C. Reyes on 11/7/2026. (lcacr3) (Entered: 11/07/2026) |
| 11/09/2026 | | MINUTE ORDER granting 141 Motion for Leave to File Supplemental Amicus Brief. If a young lawyer argues, amici will be given 10 minutes of argument time at the TRO Hearing on Friday, November 13. Signed by Judge Ana C. Reyes on 11/9/2026. (lcacr3) (Entered: 11/09/2026) |
| 11/09/2026 | 142 | SEALED DOCUMENT. "Let this be filed under seal," signed by Judge Ana C. Reyes on 11/9/2026. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 11/09/2026) |
| 11/09/2026 | | MINUTE ORDER. In line with Section 5(a)(ii) of the Court's 10 Standing Order, the Court ORDERS that Plaintiffs must submit jointly prepared Key Cases binders related to the temporary restraining order briefing. Cases that were already submitted |

| | | |
|---|---|---|
| | | in the earlier Key Cases binders need not be included. The binders should arrive in chambers no later than 4:45 p.m. on Tuesday, November 10.<br><br>At Friday's hearing, the parties should be prepared to discuss the geographic relationship between the trees removed as part of the Tree Management Plan and the final Fazio Design, as discussed at Dkt. 139 −1 at 13. The Court welcomes any related demonstratives or exhibits at the hearing. Signed by Judge Ana C. Reyes on 11/9/2026. (lcacr3) (Entered: 11/09/2026) |
| 11/09/2026 | 143 | ORDER amending 101 Order Granting Preliminary Injunction. Pursuant to the suggestions of the parties, *see* Dkt. 129; Dkt. 133, the Court AMENDS its Preliminary Injunction Order. See Order for details. Signed by Judge Ana C. Reyes on 11/9/2026. (lcacr3) (Entered: 11/09/2026) |
| 11/09/2026 | 144 | MEMORANDUM OPINION & ORDER denying 112 Motion to Stay Pending Appeal. See document for details. Signed by Judge Ana C. Reyes on 11/9/2026. (lcacr3) (Entered: 11/09/2026) |
| 11/09/2026 | 145 | NOTICE of Proposed Order *Preservation Order* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) Modified event on 11/10/2026 (znmw). (Entered: 11/09/2026) |
| 11/09/2026 | 146 | NOTICE of Proposed Order by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS (Attachments: # 1 Text of Proposed Order Plaintiffs' Proposed Preservation Order)(Hayes−Deats, Caleb) (Entered: 11/09/2026) |
| 11/09/2026 | 147 | Memorandum in opposition to re 139 MOTION for Temporary Restraining Order *or, Alternatively, a 14−Day Stay Under 5 U.S.C. § 705 Against Closure of East Potomac Park* MOTION to Stay *and Motion for Stay Pending Appeal* filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Attachments: # 1 Exhibit CFA Proposal)(Robertson, Michael) (Entered: 11/09/2026) |
| 11/10/2026 | 148 | ORDER. The Court ORDERS the Government to preserve relevant information. See document for details. Signed by Judge Ana C. Reyes on 11/10/2026. (lcacr3) (Entered: 11/10/2026) |
| 11/10/2026 | 149 | REPLY to opposition to motion re 139 Motion for TRO,,, Motion to Stay,, filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 11/10/2026) |
| 11/11/2026 | | MINUTE ORDER. The hearing set for Friday, November 13, 2026, at 10:00 a.m., will be accessible to the public via the Court's public access dial−in line. The public access telephone number is 833−990−9400, and the access code is 787605272.<br><br>It is ORDERED that the attendees using the public access telephone line shall adhere to the following: Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge.<br><br>At the hearing, the Court intends to discuss the following topics: (1) new events that |

| | | |
|---|---|---|
| | | have occurred since the last hearing, including the new NLT Lease, the anticipated seawall repair, the NCPC submission, and the CFA submission; (2) the likelihood of success on the merits of Plaintiffs' claims; and (3) whether the scope of Plaintiffs' proposed relief extends to East Potomac Golf Course or East Potomac Park. The Court ORDERS Government counsel to be prepared to explain: (1) what actions DOI or NPS plan to take at the seawall that require closure of the entire park; (2) when those actions will occur; and (3) whether any material actions at the seawall or on the Course are scheduled to begin prior to the conclusion of NEPA review.<br><br>Signed by Judge Ana C. Reyes on 11/11/2026. (lcacr3) (Entered: 11/11/2026) |
| 11/12/2026 | 150 | RESPONSE TO ORDER OF THE COURT re Order,,,, filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Lowell, Abbe) (Entered: 11/12/2026) |
| 11/12/2026 | 151 | RESPONSE TO ORDER OF THE COURT re Order,,,, Order,,,,,,,, by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. (Piropato, Marissa) Modified event on 11/12/2026 (znmw). (Entered: 11/12/2026) |
| 11/12/2026 | 152 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, filed by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Lowell, Abbe) (Entered: 11/12/2026) |
| 11/12/2026 | 153 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Monisha Cherayil, Filing fee $ 100, receipt number ADCDC−12805743. Fee Status: Fee Paid. by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit Certificate of Good Standing)(Eisen, Norman) (Entered: 11/12/2026) |
| 11/12/2026 | | MINUTE ORDER. Upon consideration of Dkt. 150 , Dkt. 151 , and the *Hubbard* factors, *see United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the Court ORDERS the Government to refile Dkt. 130 on the public docket without redaction by 5:00 p.m. today, November 12, 2026.<br><br>There is a strong presumption of public access in litigation. Two of the three redacted names have already been discussed in open court, significantly reducing any asserted privacy interests because their identities are substantially associated with this matter in the public domain. There is little possibility of prejudice from the disclosure of the names of government employees acting within the scope of their employment. And the public has a strong interest in knowing which government officials developed the NCPC proposal. The Court finds that the Government has failed to make the strong showing required to overcome the presumption of public access. Signed by Judge Ana C. Reyes on 11/12/2026. (lcacr2) (Entered: 11/12/2026) |
| 11/12/2026 | | MINUTE ORDER denying 153 Motion for Leave to Appear Pro Hac Vice. No answer was provided to Question 7 of the Declaration for Pro Hac Vice Admission. Counsel may correct and refile the Motion. Signed by Judge Ana C. Reyes on 11/12/2026. (lcacr3) (Entered: 11/12/2026) |
| 11/12/2026 | 154 | NOTICE by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE re Order,,,, Order,,,, (Attachments: # 1 Supplement)(Block, Andrew) (Entered: 11/12/2026) |
| 11/12/2026 | 155 | |

| | | |
|---|---|---|
| | | NOTICE *of Record of Determination* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Robertson, Michael) (Entered: 11/12/2026) |
| 11/13/2026 | 156 | RESPONSE TO ORDER OF THE COURT *Defendants' Response to the Court's November 7, 2026, Minute Order* by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit)(Robertson, Michael) Modified event on 11/13/2026 (znmw). (Entered: 11/13/2026) |
| 11/13/2026 | 157 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Monisha Cherayil, Filing fee $ 100, receipt number ADCDC−12807842. Fee Status: Fee Paid. by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit Certificate of Good Standing)(Eisen, Norman) (Entered: 11/13/2026) |
| 11/13/2026 | | MINUTE ORDER granting 157 Motion for Leave to Appear Pro Hac Vice. Attorney Monisha Cherayil is admitted pro hac vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Ana C. Reyes on 11/13/2026. (lcacr3) (Entered: 11/13/2026) |
| 11/13/2026 | | Minute Entry for proceedings held before Judge Ana C. Reyes: Motion Hearing held on 11/13/2026 re 139 Motion for Temporary Restraining Order or, Alternatively, a 14−Day Stay Under 5 U.S.C. § 705 Against Closure of East Potomac Park. (Court Reporters: Christine Asif (AM) and William Zaremba (PM) (zcdw) (Entered: 11/16/2026) |
| 11/14/2026 | 158 | NOTICE by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit Categorical Exclusion Documentation Form, # 2 Exhibit Assessment of Actions Having an Effect on Historic Properties)(Robertson, Michael) (Entered: 11/14/2026) |
| 11/14/2026 | 159 | MEMORANDUM OPINION AND ORDER granting Plaintiffs' 139 Motion for Temporary Retraining Order. See document for details. Signed by Judge Ana C. Reyes on 11/14/2026. (lcacr1) (Entered: 11/14/2026) |
| 11/16/2026 | | MINUTE ORDER. The Court ORDERS the parties to submit a Joint Status Report by 12:00 p.m. on Tuesday, November 17, 2026, that sets out a joint proposed briefing schedule for any preliminary injunction motion.<br><br>The Court further ORDERS the parties in any preliminary injunction briefing to discuss the scope of any requested injunctive relief, including whether the Court may require the Government to operate East Potomac Golf Course in order to maintain the status quo. Signed by Judge Ana C. Reyes on 11/16/2026. (lcacr3) (Entered: 11/16/2026) |
| 11/16/2026 | 160 | TRANSCRIPT OF PROCEEDINGS before Judge Ana C. Reyes held on 11/13/2026; Page Numbers: 1−128. Date of Issuance:11/16/2026. Court Reporter Christine T. Asif, Telephone number 202−354−3247, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript |

| | | |
|---|---|---|
| | | formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/7/2026. Redacted Transcript Deadline set for 12/17/2026. Release of Transcript Restriction set for 2/14/2027.(Asif, Christine) (Entered: 11/16/2026) |
| 11/16/2026 | 161 | SEALED DOCUMENT filed by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Robertson, Michael) (Entered: 11/16/2026) |
| 11/16/2026 | 162 | NOTICE OF FILING REDACTED DOCUMENT by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit)(Robertson, Michael) (Entered: 11/16/2026) |
| 11/16/2026 | | DEPOSIT of Bond re 159 in the amount of $ 1.00, Receipt Number 212917. (zjm) (Entered: 11/17/2026) |
| 11/17/2026 | 163 | Joint STATUS REPORT *Regarding Briefing Schedule for Plaintiffs' Forthcoming Preliminary Injunction Motion* by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Bardwell, Will) (Entered: 11/17/2026) |
| 11/17/2026 | 164 | NOTICE OF WITHDRAWAL OF APPEARANCE as to JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE. Attorney Robert N. Stander terminated. (Stander, Robert) (Entered: 11/17/2026) |
| 11/17/2026 | | MINUTE ORDER. In the 163 Joint Status Report, Plaintiffs indicated that they intended to file a motion to seek expedited discovery. Any such motion must be filed on or before Wednesday, November 18, at 4 p.m. Any opposition is due on or before Friday, November 20, at 4 p.m. Signed by Judge Ana C. Reyes on 11/17/2026. (lcacr3) (Entered: 11/17/2026) |
| 11/17/2026 | 165 | NOTICE by JESSICA BOWRON, DOUG BURGUM, DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE (Attachments: # 1 Exhibit Declaration of Dr. Kevin Griess)(Robertson, Michael) (Entered: 11/17/2026) |
| 11/18/2026 | | MINUTE ORDER. At the November 13, 2026 hearing, the Government informed the Court it wishes to brief whether a special master is necessary in this case. The Court ORDERS the Government to file a status report with a proposed briefing schedule by Thusday, November 19, 2026, at 5:00 p.m. Before filing, the Government shall confer with Plaintiffs about whether they will participate in the briefing. Plaintiffs may participate but are not required to. If they participate, the parties shall file a joint status report. Signed by Judge Ana C. Reyes on 11/18/2026. (lcacr3) (Entered: 11/18/2026) |
| 11/18/2026 | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines/Hearings: Motion for expedited discovery due by 11/18/2026. Response due by 11/20/2026. (zcdw) (Entered: 11/18/2026) |
| 11/18/2026 | 166 | MOTION for Discovery by DC PRESERVATION LEAGUE, ALEX DICKSON, DAVE ROBERTS. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Text of Proposed Order)(Deffebach, Anna) (Entered: 11/18/2026) |
| 11/18/2026 | | Set/Reset Deadlines/Hearings: Defendant's Status Report due by 5:00 PM on 11/19/2026. (zcdw) (Entered: 11/18/2026) |
| 11/18/2026 | 167 | TRANSCRIPT OF MOTION HEARING PROCEEDINGS before Judge Ana C. Reyes held on November 13, 2026; Page Numbers: 1−141. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/9/2026. Redacted Transcript Deadline set for 12/19/2026. Release of Transcript Restriction set for 2/16/2027.(Zaremba, William) (Entered: 11/18/2026) |
| 11/18/2026 | 168 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 159 Order on Motion for TRO, Order on Motion to Stay by NATIONAL PARK SERVICE, JESSICA BOWRON, DEPARTMENT OF INTERIOR, DOUG BURGUM. Fee Status: No Fee Paid. (Robertson, Michael) Modified event on 11/19/2026 (znmw). (Entered: 11/18/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-477-ACR |

**DEFENDANTS' NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Temporary Restraining Order, Dkt. No. 159.

Respectfully submitted this 18th of November 2026.


**STANLEY E. WOODWARD, JR.**
Associate Attorney General

**ANDREW BLOCK**
Senior Counsel
**ROBERT CROSSIN**
Counsel
Office of the Associate Attorney General
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-9500
stanley.woodward@usdoj.gov

**ADAM R.F. GUSTAFSON**
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

**BENJAMIN HAYES**
Deputy Assistant Attorney General

**MARISSA A. PIROPATO**
Deputy Chief (MA Bar No. 651630)

*/s/ Michael K. Robertson*
**MICHAEL K. ROBERTSON**
Trial Attorney (DC Bar No. 1017183)

U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 598-3835
Email: michael.robertson@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DC PRESERVATION LEAGUE, et al.,<br>*Plaintiffs*,<br>v.<br>DEPARTMENT OF INTERIOR, et al.,<br>*Defendants*. | Case No. 1:26-cv-477-ACR |

## TEMPORARY RESTRAINING ORDER

The Department of the Interior has progressed from removing the trees to removing the people from East Potomac Park. On October 18 and October 26, 2026, President Trump directed the Government to close East Potomac as of November 15.[1] Two days later, DOI announced it would follow that "directive."[2] This means closing miles of paved roadway; trails and multi-use paths; fishing areas along the Potomac River and Washington Channel; the Hains Point picnic areas, playgrounds, and associated open spaces; a miniature golf course and three other golf courses; the seawall promenade; and the East Potomac Dock and Wharf Jitney.[3]

President Trump directed this closure for one reason: so that work could begin on a new Fazio Design to replace the current East Potomac Golf Course.[4] This placed DOI in a legal bind.

---

[1] *See* Dkt. 91-1 at 3; Dkt. 114-2 at 2.

[2] Dkt. 111 at 2.

[3] NPS, *Record of Determination for the Temporary Closure of East Potomac Park South of Buckeye Drive*, https://perma.cc/DH99-SUH3 (last visited Nov. 13, 2026) (Record of Determination).

[4] *See* Dkt. 91-1 at 3; Dkt. 114-2 at 2.

It has maintained for months, and—all record evidence to the contrary—continues to maintain, that no final plan to redesign the Course exists.[5] It cannot well admit that it proposes to close the Park solely to begin work on a redesign for which, it insists, no final plan exists. And so in its Record of Determination announcing the need for the closure, the National Park Service does not mention the President's directive.[6] Instead, it claims closure is necessary on November 15 because as of that date no operator will be on site to manage the Course and escalating safety issues require cordoning off the entire Park.[7]

Plaintiffs have moved for a temporary restraining order, claiming these reasons are pretext and that the closure violates a spate of federal laws.[8] As to the former, NPS *sua sponte* terminated National Links Trust's continued operation of the Course as of November 15.[9] It now cites the lack of an operator as of that date to claim closure is necessary. But that reverses cause and effect—by design. And the Government concedes this is not the full story. It has acknowledged that DOI terminated NLT's work, in part, to follow the President's directive to close the Park.[10]

As to safety, NPS has determined that the seawall on the Park's perimeter presents such a hazard that it must close the Park on, again, November 15.[11] But NPS has identified the entire

---

[5] *See* November 13, 2026, Rough Tr. I at 6 ("There's no final agency action to redesign the course, as we've made clear, that would require completion of NEPA and NHPA processes." (cleaned up)).

[6] *See generally* Record of Determination.

[7] *Id.*

[8] *See* Dkt. 139.

[9] *See* Dkt. 111 at 2.

[10] *See* Nov. 13 Rough Tr. I at 37–38; Nov. 13 Rough Tr. II at 34.

[11] *See* Record of Determination.

seawall perimeter as a safety hazard since 2019.[12] Instead of closing the Park, NPS previously has addressed that concern by fencing off the zone around the seawall's unsafe portions.[13] It has not adequately explained why that tried-and-true method will not work now. More telling, just three days before making the closure decision, NPS permitted over thirty thousand people to run a marathon around that same perimeter.[14]

A disconnect to which Government counsel responded:

> [A] well-organized a race with thousands of people in broad daylight does not pose the kind of hazard that is posed by children walking in the dark on the deteriorating seawall, or lovebirds strolling in the evening, or anything of the other things that could happen there are fewer crowds, where there's less supervision, where there's less organization.[15]

Maybe. But, even so, this does not explain why NPS now chooses to close almost the entire Park, at all hours, for an indefinite period. And chooses to do so as of November 15, the same date President Trump directed closure.

The Court, based on the current record, readily finds that these explanations are pretextual. But that alone does not require granting Plaintiffs' motion. What does is that in its haste to meet an arbitrary deadline, the Government has likely violated at least the National Environmental Policy Act and the Administrative Procedure Act. The Court analyzed the former at length in its Preliminary Injunction Opinion.[16] As to the APA, NPS's regulations require, absent exceptions not present here, notice-and-comment rulemaking prior to the closure of a

---

[12] *See id.*

[13] *See* Dkt. 111-2 at 4, 7, 8.

[14] *See* Dkt. 139-1 at 17.

[15] Nov. 13 Rough Tr. I at 31.

[16] *See* Dkt. 103 at 53–62.

national park. No such notice and comment has occurred. Moreover, the pretextual nature of the Government's reasoning also likely renders the closure arbitrary and capricious under the APA.

The Government proposes to close a historic park, daily enjoyed by Washingtonians of all stripes, indefinitely. This closure would irreparably harm Plaintiffs, who use the Park regularly for recreational activities. It runs counter to the public interest in utilizing national parkland. And the Government has not plausibly identified any harm it would suffer from a temporary restraining order that preserves the status quo pending further proceedings.

For the reasons stated in its October 26, 2026, Preliminary Injunction Opinion, Dkt. 103, and those below, the Court **GRANTS** Plaintiffs' Motion for Temporary Restraining Order, Dkt. 139. It **ENJOINS** the Government from closing East Potomac Park and the East Potomac Golf Course during the daily hours in which they were open as of November 14, 2026. It does not order the Government to undertake any active management of either. Further, for the avoidance of any doubt, the Government remains free, as it has since the onset of this litigation, to conduct repairs on any part of the Park and Course with any notice required by the existing Preliminary Injunction.

## BACKGROUND

The Court assumes the reader's familiarity with the Background set out in its previous Preliminary Injunction Opinion, *see* Dkt. 103 at 7–23. It runs through only the factual developments that have occurred since it issued that opinion.

**October 26.** At 8:28 p.m., the Court issued its Preliminary Injunction, enjoining tree removal on the Course and requiring notification before DOI or NPS took certain other actions there. *See* Dkt. 103. About three hours later, President Trump posted to Truth Social: "We are closing the East Potomac Golf Course Site as scheduled on November 15th," and, "[t]he

Development of this World Championship Public Facility must begin, immediately, if it is to be completed in a timely and seasonal manner." Dkt. 114-2 at 2.

**October 28.** The Government informed the Court that it planned to shut down East Potomac Park, including East Potomac Golf Course, south of Buckeye Drive on November 15, "consistent with the President's directive." Dkt. 111 at 2. On October 18, the President directed DOI and NPS to close the Course on November 15. *See* Dkt. 91-1 at 3. He reiterated that directive on October 26, as stated above. Despite the Government's notification that it would close the Course to comply with the President's directive, it submitted a declaration by Jessica Bowron, Acting Director of NPS, that she planned to close the Park, in part, to repair the seawall. *See* Dkt. 111-2 at 3–9.

On the same day, NPS entered into a new lease agreement with National Links Trust, the Course's current operator. *See* Dkt. 111 at 2. Under it, NLT will cease operating the Course as of close of business on November 15, 2026, but will continue to operate two other municipal courses in Washington, D.C. *See id.* In her declaration, Bowron stated that she also decided to close the Park because of NLT's termination. *See* Dkt. 111-2 at 2–3. She did not explain, however, why NPS decided to terminate NLT's holdover lease, why NPS does not have or cannot obtain a replacement operator, or why NPS cannot operate the Course itself. *See id.*

**October 30 and November 3.** NPS submitted similar Concept Proposals for a redesigned East Potomac Golf Links to the National Capital Planning Commission (on October 30) and to the U.S. Commission of Fine Arts (on November 3). *See* Dkt. 128-1 (NCPC Proposal); Dkt. 147-1 (CFA Proposal). Those Proposals feature renderings of a redesigned East Potomac Golf Course identical to the "Fazio Design" shared by President Trump on Truth Social on October 18. *Compare* Dkt. 91-1 at 4, *with* Dkt. 128-1 at 1 *and* Dkt. 147-1 at 1. The Concept

Proposals confirm that implementing the Fazio Design requires "[t]hin[ning] interior trees to reopen monument views" and "thin[ning] vegetation" pursuant to the 2019 Cultural Landscape Report. Dkt. 147-1 at 47; Dkt. 128-1 at 32. That is the same type of thinning that NPS carried out on October 10, and which led to the Court's first entry of a temporary restraining order. *See* Dkt. 79.

**November 12 and 13.** On the evening of November 12, NPS informed the Court that it published on its website a Record of Determination for the Temporary Closure of East Potomac Park South of Buckeye Drive. *See* Dkt. 155 at 1. It submitted the Record of Determination to the Federal Register on November 13, and the Notice will be published on Monday, November 16.[17] The Record of Determination stated that NPS will close the Park "temporarily," but did not provide any timeline. It stated only that the closure will "remain in effect until modified or rescinded by the Superintendent." *Id.* The closure would include "all parkland and public-use facilities south of Buckeye Drive, SW." *Id.*

As justification for the closure, the Record of Determination listed (1) the unsafe conditions of access to the Course after the cessation of golf operations by National Links Trust; (2) an "escalating trend" of unsafe conditions on the Course's buildings and grounds; and (3) the deteriorated seawall and adjacent walkways at the Park. It did not state, as the Government had announced on October 28, *see* Dkt. 111 at 2, that it planned to close the Park to follow the President's directive, *see generally* Record of Determination.

It considered, but dismissed, four less-restrictive alternatives: "[n]o action"; "[c]losure of buildings and recreational facilities only"; "[c]losure of the golf course while retaining roadway,

[17] NPS, *Temporary Closure: East Potomac Park South of Buckeye Drive; Record of Decision*, Federal Register: Public Inspection, https://perma.cc/A2UK-883X (scheduled for publication Nov. 16, 2026) (last visited Nov. 13, 2026).

picnic, playground, or shoreline access"; and "[s]igns, warnings, and periodic patrols without broader closure." *Id.* It did not consider extending NLT's management of the Course, finding a new operator, or operating the Course itself. *See id.*

**November 14.** The Government notified the Court that it published a Categorical Exclusion Documentation Form, for purposes of NEPA compliance, and an Assessment of Actions Having an Effect on Historic Properties, for purposes of NHPA compliance. *See* Dkt. 158. Each document quotes the reasons for closure as stated in the Record of Determination. *See id.*

## PRELIMINARY FINDINGS OF FACT

The Court, on this preliminary posture, concludes that the justifications presented by NPS for the closure of East Potomac Park are pretextual. Acting Director of the National Park Service Jessica Bowron, in her fourth sworn declaration, informed the Court that she plans to "close East Potomac Park south of Buckeye Drive, including East Potomac Golf Course, effective November 15, 2026." Dkt. 111-2 at 9. She did so, she stated, because the Course lacks an operator and the seawall surrounding the Park needs repair. *See id.* at 2–9. Later, the agency published a Record of Determination reiterating that closure is necessary for those same reasons.

### 1. DOI and NPS Plan to Close the Park to Further the Washington National Plan

The Court concludes that DOI and NPS plan to close the Park to further the Washington National Plan. And it need not dig deep to do so. The Government concedes that the closure is "consistent with the President's directive." Dkt. 111 at 2. That directive came in the President's Truth Social posts of October 18 and October 26. *See* Dkt. 91-1 at 3; Dkt. 114-2 at 2. As Government counsel explained, "when the President issued his Truth Social post[s] . . . Interior

saw that as a directive to close the Course, and they have taken steps to do so." October 30, 2026, Tr. 28 (cleaned up).

So the Court looks to those directives. On October 18, the President wrote, "Restoration work will begin on the Fazio Design on November 15th, when the old Course will be closed to play. The new Course will be opened in approximately 15 months." Dkt. 91-1 at 3. On October 26, he wrote, "We are closing the East Potomac Golf Course Site as scheduled on November 15th in order to renovate and rebuild for Competitive (with other such projects!), Safety, Modernization, and Aesthetic reasons." Dkt. 114-2 at 2. He clarified that DOI will "renovate and rebuild" in furtherance of "[t]he Development of [a] World Championship Public Facility" that will be "fully capable of holding Major Events such as The U.S. Open, The PGA Championship, The Ryder Cup, and The Presidents Cup." *Id.*

These posts present a problem for the Government. They indicate that the Washington National Plan is final and that NPS will close the Park to implement it. Both points favor granting Plaintiffs' motion for another temporary restraining order. And so the Government reverse-engineers additional justifications for the Park's closure: "because of safety concerns and because the course will lack a continuing operator." Dkt. 147 at 14. All while it continues to assert that it will close the Park to follow the President's directive:

> **THE COURT:** You're carrying out the President's directive; right?
> **GOV'T COUNSEL:** Uh-huh, and that's the way the government works.

Nov. 13 Rough Tr. I at 38 (cleaned up).

### 2. The Justifications for Closure Stated in the Record of Determination Are Pretextual

At the November 13 hearing, the Government represented that NPS plans to close the Park for three reasons: the President's directives, the lack of an operator, and safety concerns on

the Course and along the seawall. *See id.* at 37–38. To start, the agency's Record of Determination—which must state the bases for the agency's closure decision, *see* 36 C.F.R. § 1.5(c)—says nothing about the President's directive to close the Park to effectuate the Fazio Design. At a minimum, then, the Record of Determination is incomplete, if not misleading by omission.

It is also transparently pretextual.

**The Lack of a Golf Course Operator.** Recall that, without any explanation for doing so, NPS terminated NLT's role as the Course operator as of November 15. *See* Dkt. 111 at 2. In the Record of Determination then relied on the safety consequences of this termination to justify closing the Course. But why did NPS terminate NLT's holdover lease in the first place? And why as of November 15? The answers:

> **THE COURT:** In stopping and ending the NLT work on the Course as of November 15th, [did] they do that as part of implementing the President's desire to have the Course close on November 15th?
>
> **GOV'T COUNSEL:** They did it consistent with the President's direction that the Park close on November 15, but they did it for the purposes outlined in the closure order itself.

Nov. 13 Rough Tr. II at 34 (cleaned up).

And so the Court finds, as a matter of fact, that NPS terminated NLT's lease as of November 15 so that it could close the Park to effectuate President Trump's directive to begin work on the Fazio Design immediately. And this explains why the Record of Determination did not consider, as a less-restrictive alternative, either extending NLT's holdover lease or finding a new operator to alleviate the safety concerns it identifies.

**Escalating Safety Concerns on the Golf Course.** The Record of Determination stated that NPS must close the Course because "[r]ecent NPS inspections document that the golf course's buildings and grounds present numerous safety concerns due to their poor condition."

In support, it cited a May 2026 East Potomac Park Condition Assessment that recorded 110 deficiencies at East Potomac Golf Course, including 69 rated Critical or Urgent. *See* Record of Determination. Sounds unsafe. Except Dr. Kevin Griess, Superintendent of the National Mall and Memorial Parks—who attested in May that he "plan[ned] to prioritize maintenance by critical needs," Dkt. 48-1 at 9—testified in October that NPS had not addressed any of them, *see* October 19, 2026, Tr. 165. Indeed, since May, NPS has only removed trees and vegetation, fixed a fence, and discarded some trash. *See* Oct. 30 Tr. at 61–62.

If safety issues in fact required closure, NPS would have closed the Course months ago. Yet NPS has kept the Course open unabated as usual since May, with conservatively over thirty thousand rounds of golf played. *See* Nov. 13 Rough Tr. II at 43. At a minimum, if public safety were at risk, NPS would have taken a step—any step—to address the safety issues it knew about. Recall that within just ten days, NPS was able to plan, muster the resources and staff, and execute felling over 400 healthy trees. *See* Dkt. 103 at 20–22. So NPS was not without ability or resources. And presumably would not prioritize removing healthy trees over the public's safety.

The Government's response is that the "escalating trend" of critical safety concerns on the Course now demands its closure. Record of Determination; *see also* Nov. 13 Rough Tr. II at 38–40. But it cannot identify a single safety issue that has emerged since May that moved NPS to conclude that closure is required on November 15. *See generally* Record of Determination. And, again, had any truly threatening safety issue arisen, NPS would not have announced on October 28 a closure on November 15, the same date President Trump directed for the closure. It would have closed the Course immediately.

***The Seawall.*** Move next to the seawall. The Record of Determination stated that "[t]he East Potomac Park seawall and adjacent walkways are also in deteriorated and hazardous condition." True. But the seawall's condition did not materialize overnight. NPS noted the need for repairs as far back as 2011. *See* Dkt. 111-4 (2011 Report) at 15–21. And yet from 2011 until October 28, NPS never suggested that repairs to the seawall would require the closure of East Potomac Park south of Buckeye Drive. *See generally id.*[18] It did not close the Park even though a 2019 report found that "[t]he entirety of the perimeter walkway at East Potomac Park is a safety hazard for visitors and staff." Dkt. 111-5 at 9. And even though a 2023 report recorded repeated flooding. *See* Dkt. 111-3 at 134. Indeed, even Acting Director Bowron's October 28 declaration, discussed further below, does not state that such a widespread closure is necessary for repairs. *See* Dkt. 111-2 at 9.

The Government can limit closures to the immediate area surrounding repair work. NPS has repaired seawalls at the Tidal Basin and West Potomac Park without indefinitely closing those parks to all public use. *See* Dkt. 139-1 at 16 n.7.[19] And consider the tree cutting. Dr. Griess told the Court that NPS would limit "any temporary closures of portions of the Golf Course . . . to that which is necessary to ensure public safety in the immediate area of work being performed." Dkt. 84-1 at 14.

The Government's conduct and prior representations undermine its claim that repairing the seawall requires the immediate closure of East Potomac Park. Acting Director Bowron has submitted four declarations in this case. She makes no mention of the seawall in the first three.

---

[18] *See also* Dkt. 111-5 (2019 Project Scoping Assessment Report); Dkt. 111-3 (2023 Cultural Landscapes Inventory); Dkt. 111-6 (July 29, 2026, Seawall Promenade Condition Survey).

[19] Dkt. 139-1 at 16 n.7 (citing NPS, *Rehabilitate Tidal Basin and West Potomac Park Seawalls: Environmental Assessment* (Feb. 2023), https://perma.cc/LQ96-AH2U).

*See* Dkt. 26-4; Dkt. 38-2; Dkt. 75-3. None. She does so only in her fourth declaration, filed on October 28. *See* Dkt. 111-2 at 3–9. That timing is important. It comes only three days after the running of the Marine Corps Marathon, a marathon in which, with NPS's authorization, over thirty thousand runners circumnavigated the Park. *See* Dkt. 139-1 at 17. It comes only two days after President Trump's second directive to close the Park. *See* Dkt. 114-2 at 2. And it comes on the same day that the Government gave notice that it plans to close the Park, consistent with President Trump's directive to do so. *See* Dkt. 111 at 2.

It cannot be that NPS permitted thirty thousand runners to risk—as Government counsel described it—"life and limb" by running on a road near the seawall. Nov. 13 Rough Tr. I at 43. To be sure, all agree that the seawall is deteriorating and needs repair. But the Government does not explain how the seawall's condition affects Ohio Drive SW, much less the Course. Nor does it explain why it requires closing the entire Park—for potentially as long as three and a half years—instead of cordoning off areas that create safety concerns, as the agency's photos demonstrate NPS has routinely done before November 15. *See* Dkt. 147-1 at 54; Dkt. 111-2 at 4, 7, 8.

* * *

At argument, Government counsel resisted the observation that federal agencies would not knowingly put American lives at risk for no good reason.

> **THE COURT:** If there was an issue that the Government could fix, that would alleviate safety risk for individuals going about their daily lives, and they had the funds [to] do so and the ability do so, they wouldn't let those safety issues [linger], they would fix the safety issues.
>
> **GOV'T COUNSEL:** It would depend on the nature of the safety issue, the cost of fixing it, [and] the number of people affected.

Nov. 13 Rough Tr. II at 37 (cleaned up). The Court, hopefully not naively, has more faith in the federal government than that. If the safety issues NPS identified in the Record of Determination

in fact required the Park's closure, NPS would have closed the Park or addressed the issues months ago.

What explains the need to close the entire Park? President Trump has told the public: "Restoration work will begin on the Fazio Design on November 15th, when the old Course will be closed to play." Dkt. 91-1 at 3. And, "[t]he Development of this World Championship Public Facility must begin, immediately, if it is to be completed in a timely and seasonal manner." Dkt. 114-2 at 2. This work requires NPS to raze a substantial public roadway (Ohio Drive SW), reconfigure the Park's picnic and recreation areas, and redo the entire Course. *See* Dkt. 147-1 at 1, 53, 55. All this, of course, requires closing the entire Park.

## LEGAL STANDARD

To obtain a temporary restraining order, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Where, as here, a movant seeks to enjoin the government, the final two factors merge "because the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016).

## DISCUSSION

The Court incorporates by reference its prior reasoning in its Preliminary Injunction Memorandum Opinion in its discussion of the identical temporary restraining order factors below. *See* Dkt. 103 at 31–70. The Court summarizes its prior holdings under each prong. Where additional analysis is warranted, the Court supplements its prior analysis.

## I. Likelihood of Success on the Merits

### A. Standing

For standing, plaintiffs must show (1) a concrete, particularized, and imminent injury; (2) caused by the challenged conduct; (3) that is likely to be redressed by a favorable decision. *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 111 (2025). At the temporary restraining order stage, plaintiffs must establish "a substantial likelihood of standing under the heightened standard for evaluating a motion for summary judgment." *Elec. Priv. Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 377 (D.C. Cir. 2017) (cleaned up). "If at least one plaintiff has standing, the suit may proceed." *Biden v. Nebraska*, 600 U.S. 477, 489 (2023).

Plaintiffs must also "demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The relief Plaintiffs seek in this case—an order prohibiting the closure of East Potomac Park—is different from the relief they sought in their prior motions. *See* Dkt. 139-1 at 41. And Plaintiffs raise new claims supporting their motion. *See generally* Dkt. 139. So the Court supplements its prior standing analysis as follows.

#### 1. NEPA Claim

**Injury-in-Fact.** In claiming that the Government failed to follow a statutorily required procedure (adequate NEPA review), Plaintiffs allege an "archetypal procedural injury." *WildEarth Guardians v. Jewell*, 738 F.3d 298, 305 (D.C. Cir. 2013). But Plaintiffs must also show that their procedural injury is "tethered to some concrete interest adversely affected by the procedural deprivation." *Id.*

Plaintiffs, the Court has already preliminarily found, have concrete recreational, aesthetic, and historic interests in East Potomac Golf Course. *See* Dkt. 103 at 42–47, 52–53. The Government's plan to close the Course harms these interests. It prevents the individual plaintiffs, Dave Roberts and Alex Dickson, from playing golf. *See* Dkt. 8-4 ¶ 19; Dkt. 8-6 ¶ 26. And it would deprive them of their aesthetic and historic enjoyment of the Course. *See* Dkt. 8-4 ¶ 19; Dkt. 8-6 ¶ 26.

Plaintiffs' recreational, aesthetic, and historic interests also extend to East Potomac Park. For example, Dickson "often" visits to "drive around Hains Point to take photographs." Dkt. 8-4 ¶ 6. He appreciates the "beauty" and "inherent appearance of the park," including its "sight lines" and "360-degree view" of D.C. landmarks. *Id.* ¶¶ 17–18. And DCPL's member Rebecca Miller "enjoy[s] going to East Potomac Park with [her] son." Dkt. 8-5 ¶ 22. She "plan[s] to continue visiting East Potomac Park," including to take her son bicycling, admire the cherry trees, and view the Park's sightlines of historic landmarks. *Id.* Closing the Park in furtherance of the Washington National Plan would harm these interests as well. *See id.*

**Causation.** Plaintiffs readily establish causation. The Government's "failure to comply with its [NEPA] obligations is plainly connected" to its fast-tracked implementation of the Washington National Plan, including the Park's closure, and the Government "might have [reconsidered the closure] if [it] had complied" with those obligations. *Growth Energy v. EPA*, 5 F.4th 1, 29 (D.C. Cir. 2021) (per curiam). And, as just discussed, the closure will harm Plaintiffs' recreational, aesthetic, and historic interests. *See id.*

**Redressability.** Plaintiffs also meet the relaxed redressability requirement for procedural injuries. *See Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 595 (D.C. Cir. 2019) (per curiam). There is "at least the possibility" that the Government could change its decision to

implement the Washington National Plan, including by closing the Park, after conducting proper NEPA review. *Id.* (cleaned up).

**2. APA Claims**

Plaintiffs also have standing as to their APA claims. Plaintiffs establish injury-in-fact based on the harm to their concrete recreational, aesthetic, and historic interests in East Potomac Park. The Government's decision to implement the Washington National Plan by closing the Park caused these injuries, and an injunction prohibiting the closure would redress them.

**B. Final Agency Action**

Plaintiffs may sue under the Administrative Procedure Act for failure to comply with statutory requirements so long as the agency has undertaken a final agency action. *See* 5 U.S.C. §§ 704, 706(2)(C)–(D). A final action "mark[s] the consummation of the agency's decisionmaking process" and is the mechanism "by which rights or obligations have been determined" or from which "legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up).

The Court has already concluded "without hesitation"—and reiterates here—that final agency action "occurred at some point well before October 15, 2026." Dkt. 103 at 35. It found that the "discernible course of agency conduct . . . reflects a discrete decision" by the agency that is subject to APA review. *Hennepin Cnty. v. HHS*, No. 26-cv-2460, 2026 WL 2426300, at *7 (D.D.C. Aug. 19, 2026); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 174–76 (D.D.C. 2015); Dkt. 103 at 32–35.

The Washington National Plan—although the National Capital Planning Commission and the Commission of Fine Arts have not yet approved it—has been proceeding apace. In October 2025, the agency dumped over 30,000 cubic yards of fill onto the Course, in preparation for its

future renovation. *See* Dkt. 103 at 28, 34. In December 2025, the Government terminated NLT's lease, which allowed NPS to directly oversee Course design and maintenance. *See id.* at 28. In October 2026, NPS cut down hundreds of healthy, mature trees pursuant to the Tree Management Plan. *See id.* at 28–31, 34. And NPS has now canceled NLT's holdover lease and will close the Park to the public—even Ohio Drive SW, a public road far from the damaged seawall and not on East Potomac Golf Course—pursuant to the President's directive to renovate the Course. *See* Dkt. 111 at 1–2.

Each of those actions determines rights or obligations, or has legal consequences, and each action is an "irreversible and irretrievable commitment of resources." *Wyo. Outdoor Council v. USFS*, 165 F.3d 43, 50 (D.C. Cir. 1999). The Court reaffirms its finding that the Washington National Plan is final agency action. *See* Dkt. 103 at 32–35.

**C. NEPA Claim**

Plaintiffs are likely to succeed on the merits of their NEPA claim as to the closure of the Park. As discussed in the Court's prior opinion, *see* Dkt. 103 at 53–62, NEPA "imposes upon federal agencies a statutory duty to include in all proposals for major Federal actions significantly affecting the quality of the human environment, a detailed environmental impact statement by the responsible official." *Earthworks v. DOI*, 105 F.4th 449, 458 (D.C. Cir. 2024) (cleaned up). Alternatively, the agency must prepare an "environmental assessment" if it concludes that the action will not have a reasonably foreseeable significant environmental impact. 42 U.S.C. § 4336(b)(2).

NPS has not prepared an environmental assessment or an environmental impact statement for the Washington National Plan. Unless and until such NEPA compliance is complete, the agency violates NEPA when it implements piecemeal parts of the Plan. This is so even when

those parts have their own NEPA compliance documentation, so long as those sub-parts of the plan (1) lack logical termini, (2) lack substantial independent utility, (3) foreclose the opportunity to consider alternatives, or (4) irretrievably commit federal funds for closely related projects. *See Delaware Riverkeeper Network v. FERC*, 753 F.3d 1304, 1314–15 (D.C. Cir. 2014); *see also* Dkt. 103 at 59–62.

For the reasons already stated in the Preliminary Injunction Memorandum Opinion, the Court need not defer to an agency's definition of the "project at hand" where the agency has not drawn a "reasonable and manageable line." *See* Dkt. 103 at 55–59 (discussing *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 190 (2025)). The agency has not done so here: the various components of the Washington National Plan that the agency seeks to carry out have occurred or will occur at around the same time, in the same place, and under the aegis of the same agency. *See id.*

As discussed above, the imminent closure of the Park is one further step in the implementation of the Washington National Plan. So the Court turns to evaluation of the segmentation factors. The Government has offered two reasons for the closure purportedly unrelated to the Washington National Plan: the lack of an operator for the Course and repair of the seawall. Dkt. 111-2 at 2–9. There is no logical terminus to the plan to close the Park, because it does not logically follow that construction on the seawall, or closure of the whole Course, requires the closure of most of East Potomac Park. The Court has already determined that the Government's explanation for the closure's independent utility, increased safety, is pretextual—at least as an explanation for closing the Park, rather than the areas surrounding immediate safety concerns. Closing the Park also forecloses the no-action alternative, in which the Park and Course remain open to the public while seawall construction occurs. And finally,

NPS will lose revenue while the Park is closed. *See* Dkt. 139-1 at 22. Closure of the entire Park—which is in furtherance of the Washington National Plan—likely does not survive NEPA segmentation scrutiny.

### D. APA Claims

Plaintiffs argue that the closure of East Potomac Park is arbitrary and capricious because (1) it violates certain NPS regulations, and (2) the Government's reasons for doing so are irrational. *See* Dkt. 139-1 at 25–30. Plaintiffs are likely to succeed on both claims.

#### 1. Violation of NPS Regulations

"[I]t is axiomatic that an agency is bound by its own regulations." *Alon Refin. Krotz Springs, Inc. v. EPA*, 172 F.4th 12, 17 (D.C. Cir. 2026) (cleaned up). And so an agency acts arbitrarily and capriciously if it "fails to comply with its own regulations." *Id.* (cleaned up).

NPS's regulations permit it to close a park to public use "based upon a determination that such action is necessary" for one of several purposes. 36 C.F.R. § 1.5(a). But NPS must follow certain procedures in exercising this authority. First, "prior to implementing . . . [a] closure," NPS must "prepare a written determination justifying the action." *Id.* § 1.5(c). Second, "except in emergency situations," it must inform the public of the closure. *Id.* §§ 1.5(c), 1.7. And third, NPS "shall . . . publish[] as rulemaking in the Federal Register" certain closures, including those "of a nature, magnitude and duration that will result in a significant alteration in the public use pattern of the park area, adversely affect the park's natural, aesthetic, scenic or cultural values, . . . or [are] of a highly controversial nature." *Id.* § 1.5(b).

About twelve hours before the Court held a hearing on Plaintiffs' newest motion, NPS published a late-breaking "Record of Determination for the Temporary Closure of East Potomac

Park South of Buckeye Drive." *See* Dkt. 155.[20] That Record did not explain why the closure of East Potomac Park did not require rulemaking. Nor did it explain how the closure would not "result in a significant alteration in the public use pattern of the park area." 36 C.F.R. § 1.5(b). Or how it would not "adversely affect the park's natural, aesthetic, scenic or cultural values." *Id.* Or even how the closure was not "of a highly controversial nature." *Id.*

Nor could it. NPS intends to close indefinitely almost the entire Park to all public use, including golfing, walking, picnicking, fishing, and biking. *See* Record of Determination. And by NPS's own estimate, repairing the seawall—one of many purported safety hazards at East Potomac necessitating the closure—would take 2.5 to 3.5 years. *See* Dkt. 147-1 at 54. Government counsel could provide no potential date for the Park's reopening. Nov. 13 Rough Tr. III at 30–31. Inescapably then, the "nature, magnitude and duration" of the closure would "result in a significant alteration in the public use" of the Park. 36 C.F.R. § 1.5(b). And because NPS is closing the Park to further the Washington National Plan, a plan to destroy the current historical course and replace it with a championship-style course, it will harm the Park's "natural, aesthetic, scenic or cultural values." *See id.* Last but not least, the closure "is of a highly controversial nature." *See id.* As the Government has put it, "[t]he case at hand is a highly publicized matter which has drawn national attention" and "outrage." Dkt. 151 at 5.

NPS does not argue that an "emergency situation[]" justifies the closure. Dkt. 147 at 24; *see also* Dkt. 151 at 5. For good reason. Its conduct leading up to the closure announcement belies any such claim. For the same reasons the Court concludes that NPS's stated reasons for

[20] *See also* Dkt. 155 (citing Kevin Griess, *Record of Determination for the Temporary Closure of East Potomac Park South of Buckeye Drive*, NPS (Nov. 12, 2026), https://perma.cc/73XJ-MSBK).

closing the Park are pretextual, the Court concludes that there is no emergency excusing NPS's failure to engage in rulemaking.

NPS offers a single case supporting its claim that the Park's closure would not trigger § 1.5(b)'s rulemaking requirement.[21] *See* Dkt. 147 at 26–27. In *Mashack v. Jewell*, 149 F. Supp. 3d 11, 15–17, 20 (D.D.C. 2016), NPS temporarily closed a marina to public use after its concessioner contract expired on its own terms and it decided not to solicit a new contract. NPS also planned to close the marina permanently and remove marina infrastructure. Before the temporary closure, NPS issued a record of determination explaining that the temporary closure did not require rulemaking under § 1.5(b). *See id.* at 17. The court agreed because it found that the closure was temporary, affected only a small number of boat owners who could move their boats to other nearby marinas (including one 5 miles downriver), and was independent of any decision to close the marina permanently or remove marina infrastructure. *See id.* at 36–38.

*Mashack* is inapposite. At the outset, unlike NPS's record of determination in *Mashack*, NPS's Record of Determination for the Park's closure here nowhere explains why § 1.5(b)'s rulemaking requirement is inapplicable. Further, *Mashack* stressed the temporary nature of the marina's closure, whereas here NPS intends to close the Park for an indefinite period. *See* Dkt. 155. At argument, NPS could not provide a date for the Park's reopening. Nov. 13 Rough Tr.

---

[21] The Government cited two additional cases in the Record of Determination. *See* Dkt. 155. They are even further afield than *Mashack*. *Spiegel v. Babbit*, 855 F. Supp. 402, 403–04 (D.D.C. 1994) (subsequent history omitted), involved a docking restriction that affected "a small number of boat owners . . . during a few summer months." And *Voyageurs National Park Association v. Norton*, 381 F.3d 759, 764 (8th Cir. 2004), involved a decision affecting only eleven snowmobile bays in a "vast" snowmobile system. Neither was a "significant alteration" requiring notice and comment under § 1.5(b). The indefinite closure of the entire area south of Buckeye Drive bears little resemblance to the modest restrictions in those cases. Of note, Government counsel conceded at argument that it did not have an on-point D.C. Circuit case. *See* Nov. 13 Rough Tr. III at 70.

III at 30–31. By NPS's own estimates, repairing the seawall alone could take up to 3.5 years. *See* Dkt. 147-1 at 54. And the closure of a national park to thousands of visitors is markedly different than the closure of a marina to a few boat owners. Crucially, unlike in *Mashack*, there is ample evidence that the agency's stated reasons for acting are pretextual—meaning the Court cannot separate the closure of the Park from the Washington National Plan.

When pressed at argument about the lack of rulemaking, NPS lobbed a new argument: it would engage in "direct rulemaking" before November 15. Nov. 13 Rough Tr. III at 1–2. In general, agencies must follow the APA's familiar notice-and-comment procedures to promulgate a final rule. *See* 5 U.S.C. § 553(b)–(c). But under the APA's good-cause exception, agencies need not engage in notice-and-comment rulemaking where it would be "impracticable, unnecessary, or contrary to the public interest." *Id.* § 553(b)(B).

The D.C. Circuit has "repeatedly made clear that the good cause exception is to be narrowly construed and only reluctantly countenanced." *Mack Trucks, Inc. v. EPA*, 682 F.3d 87, 93 (D.C. Cir. 2012) (cleaned up) (collecting cases). In general, "[t]he exception excuses notice and comment in emergency situations, or where delay could result in serious harm." *Id.* (cleaned up).

NPS cannot invoke that exception here. Notice-and-comment rulemaking is not impracticable merely because NPS wishes to accommodate President Trump and close the Park by November 15. As the D.C. Circuit recently reiterated, "[a] tight statutory, judicial, or administrative deadline alone by no means warrants invocation of the good cause exception." *Am. Pub. Gas Ass'n v. DOE*, 72 F.4th 1324, 1339 (D.C. Cir. 2023) (cleaned up). This case shows why. No one has explained why NPS cannot move the November 15 closure date to follow rulemaking.

Further, notice-and-comment rulemaking is necessary here. The unnecessary prong of the good cause exception applies only to "those situations in which the administrative rule is a routine determination, insignificant in nature and impact, and inconsequential to the industry and to the public." *Mack Trucks*, 682 F.3d at 94. The indefinite closure of East Potomac Park south of Buckeye Drive is neither routine nor insignificant. And because members of the public, including Plaintiffs, are "greatly interested" in the Park's closure, that act is not inconsequential. *Id.* (cleaned up); *see also* Dkt. 151 at 5.

Nor does the public interest prong of the exception apply here. The question posed by the public interest prong "is not whether *dispensing* with notice and comment would be contrary to the public interest, but whether *providing* notice and comment would be contrary to the public interest." *Mack Trucks*, 682 F.3d at 95. The prong "is met only in the rare circumstance when ordinary procedures—generally presumed to serve the public interest—would in fact harm that interest." *Id.* For example, where the "announcement of a proposed rule would enable the sort of financial manipulation the rule sought to prevent." *Id.* (cleaned up). Allowing the public to weigh in on the proposed closure of the Park would plainly not harm the public interest.

Even if the good cause exception applied, it is impossible for NPS to publish a direct final rule before the slated November 15 closure. The only Federal Register publication concerning the Park's closure is a November 13 "unpublished Notice" in the Federal Register's Public Inspection Issue.[22] The notice states that it is scheduled to be published in the Federal Register on November 16. *Id.* Even if this "notice" counts as a "rule" that could satisfy § 1.5(b), its publication would fall after NPS's closure of the Park.

[22] NPS, *Temporary Closure: East Potomac Park South of Buckeye Drive; Record of Decision*, Federal Register: Public Inspection, https://perma.cc/A2UK-883X (accessed Nov. 13, 2026).

NPS's regulations required it to engage in rulemaking to close the Park. By failing to do so, NPS acted arbitrarily and capriciously in violation of the APA. *See Alon Refin. Krotz Springs, Inc.*, 172 F.4th at 17. Plaintiffs are likely to succeed on this claim.

**2. Irrational Explanation**

An agency acts arbitrarily and capriciously when it fails to consider an "important aspect of the problem" and when it "offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983).

The Government offers two reasons unrelated to the Washington National Plan for closing the Park on November 15: (1) the absence of an operator for the Course, and (2) repairing the deteriorated seawall. *See* Dkt. 111 at 1–2; *see also* Nov. 13 Rough Tr. I at 38. Neither reason sufficiently explains its decision to close the vast majority of East Potomac Park to all public use for an indefinite period.

According to the Government, because DOI will terminate NLT's management of East Potomac Golf Course by November 15, it must close the majority of East Potomac Park. *See* Record of Determination. NPS claims that it would be unable to safely manage the course itself. *See id.* In other words, the Government's hands are tied. But the Government tied the knot itself: The cancellation of NLT's management of the Course is an entirely self-inflicted and self-serving injury. And as the D.C. Circuit has explained, "[a]n agency should not be allowed to claim that the confusion resulting from its own improper action weighs against an injunction against that action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 14 (D.C. Cir. 2016).

Even setting this aside, however, the termination of NLT's lease does not explain the Government's decision to close East Potomac Park south of Buckeye Drive. NLT managed only the Course—not the entirety of the Park. So, even if NLT (or NPS) is unable to manage the Course, it is unclear why this warrants closing more than the Course itself. Moreover, NPS has not explained why it is unable to find another lessee to manage the Course. *See* Dkt. 147 at 35.

Although the Government claimed in the Record of Determination that NPS must close the Park because NLT will no longer be able to prevent Park visitors from accessing the Course, it did not sufficiently explain why this necessitates closing the Park. It did not explain how NLT prevented Park visitors from accessing the Course in the past. *See* Dkt. 155. And it did not explain why NPS itself cannot restrict access to the Course. *See id.* Plaintiffs noted at argument that Government staff, including the author of the Record of Determination and the U.S. Park Police, have offices on the Park. Nov. 13 Rough Tr. III at 38–39.

Plaintiffs are likely to succeed on their claim that the Government's proposed closure is arbitrary and capricious because the Government has not reasonably explained its decision. The Government's explanation fails to adequately "consider an important aspect of the problem," namely the less-restrictive alternatives of (1) closing only those areas necessary for seawall repair or impacted by NLT's lease cancellation, or (2) finding another vendor to manage the Course. *State Farm*, 463 U.S. at 43. It "runs counter to the evidence before" it because no prior Government publication or declaration found that closure of East Potomac Park south of Buckeye Drive was necessary to repair the seawall. *Id.* And, for the same reasons the Court finds the Government's explanation pretextual, it "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

The Government's second justification for closing the Park fares no better. For the same reasons the Court finds the seawall explanation pretextual, the Court concludes that the Government does not rationally explain the decision to close the Park on November 15. *See supra*.

## II. Irreparable Harm

Irreparable harm is a high bar. *See Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 36, 56 (D.D.C. 2025). Plaintiffs must demonstrate that the harm they will suffer is "beyond remediation," "both certain and great," "actual and not theoretical," and "of such imminence that there is a clear and present need for equitable relief." *Id.* (cleaned up).

Plaintiffs clear that bar. NPS plans to close East Potomac Park on Sunday, November 15. Indefinitely. *See* Nov. 13 Rough Tr. III at 1–14. No amount of money can compensate Plaintiffs for the "loss of access to and enjoyment of treasured national parkland and recreation." Dkt. 149 at 23. And the Washington National Plan, which the closure would advance, will destroy the Course in its current form. That is a harm "for which there can be no do over." *Nat'l Council of Nonprofits*, 763 F. Supp. 3d at 57 (cleaned up).

The Government pushes back in two ways.[23] First, relying on *Committee of 100 on the Federal City v. Foxx*, 87 F. Supp. 3d 191, 204 (D.D.C. 2015), it contends that a "temporary" park closure cannot be irreparable harm. Dkt. 147 at 19. The parks at issue in *Committee of 100* were closed after a year-long environmental assessment; were set to be closed for a discrete period; the park operators disclosed that period to the public in advance; and full access to the park

[23] The Government did not counter Plaintiffs' argument that they will suffer irreparable harm based on NEPA and NHPA violations. *See* Dkt. 139-1 at 38–40; Dkt. 149 at 24. So the Court treats that argument as conceded. *See Am. Waterways Operators v. Regan*, 590 F. Supp. 3d 126, 138 (D.D.C. 2022).

would be restored once construction was complete. *See* 87 F. Supp. 3d at 204. None of this is true of the Government's plan to shutter East Potomac south of Buckeye Drive. The Government also points to comparable recreational spaces in Washington, D.C. *See* Dkt. 147 at 27. But Plaintiffs' harms are tied to "East Potomac's beauty, historic layout, and historic designs." Dkt. 103 at 62 (cleaned up). While there are other parks in Washington, D.C., there is no other East Potomac Park.

### III. Balance of the Equities and the Public Interest

The balance of the equities and the public interest also favor Plaintiffs. The Court has found that Plaintiffs are likely to succeed on the merits of their NEPA and APA claims. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters*, 838 F.3d at 12. As amici Hains Point Runners and Cherry Blossom, Inc., have described, the closure of Ohio Drive SW would harm many members of the public—including runners, cyclists, and triathletes—because "the perimeter roadway's relatively flat terrain, long straightaways, extended loop, and separation from urban congestion make it particularly useful for long runs, repeated laps, and sustained workouts." Dkt. 141-1 at 13.

Nor will an injunction preventing the Park's closure harm the Government: The Government has identified no imminent plan to begin construction on seawall repair that would be hindered by continued public access to the Park, *see* Nov. 13 Rough Tr. III at 9. And in similar construction projects in West Potomac Park, the agency has been able to address safety concerns without eliminating, for years, public access to the Park.[24]

---

[24] Dkt. 139-1 at 16 n.7 (citing NPS, *Rehabilitate Tidal Basin and West Potomac Park Seawalls: Environmental Assessment* (Feb. 2023), https://perma.cc/LQ96-AH2U).

The public has a strong interest in maintaining access to East Potomac Park. The balance of the equities tips in Plaintiffs' favor.

**ORDER**

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Temporary Restraining Order, Dkt. 139. A temporary restraining order is "an extraordinary remedy that should be granted only when the party seeking relief, by a clear showing, carries the burden of persuasion." *State v. Musk*, 769 F. Supp. 3d 1, 4 (D.D.C. 2025) (cleaned up). Plaintiffs have done so here: they have demonstrated a likelihood of success on the merits, at least on their NEPA and APA claims, irreparable harm absent injunctive relief, and that the balance of the equities tips in their favor.

"The purpose of a temporary restraining order . . . is to preserve the status quo while the court considers the merits of the case." *Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 13, 16 (D.D.C. 2025). The status quo is "the last uncontested status which preceded the pending controversy." *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022) (cleaned up). Here, that means when East Potomac Park—including East Potomac Golf Course—was open to the public.

Accordingly, and to maintain the status quo, the Court **ORDERS**:

1. East Potomac Golf Course shall remain open and accessible to the public, except for routine, temporary closures consistent with the Course's historical operating practices, and except as needed to address articulated, imminent threats to public safety. Nothing in this Order requires Defendants to (1) operate East Potomac Golf Course for play, or (2) enter into any contract with any concessioner to operate East Potomac Golf Course for play. Whether and how Defendants do so is solely within

their discretion, but Defendants cannot use the absence of golf operations as a reason to exclude the public from the Course;

2. All other portions of East Potomac Park south of Buckeye Drive SW, including Ohio Drive SW, shall remain open to the public, except in areas in the immediate vicinity of active seawall repair where repair necessitates temporary restrictions on public access to protect public safety, and except as needed to address articulated, imminent threats to public safety. Any temporary closure for seawall repair or to address an imminent public safety threat shall be only to the extent and for the duration reasonably necessary to protect public safety during the completion of the repair or resolution of the threat;
3. If an imminent threat to public safety requires closure of any part of the Course or any part of East Potomac Park south of Buckeye Drive SW, or requires any restriction of public access to any part of the Course or any part of East Potomac Park south of Buckeye Drive SW, Defendants may close or restrict the area immediately surrounding the hazard without advance notice to the Court, but with written notice to the Court and Plaintiffs within 24 hours of initiating any closure or access restriction. Such notice shall contain a description of the public safety threat, the scope and duration of the closure or restriction, and an explanation of the need for the closure or restriction. Such notice shall include a sworn declaration from a senior National Park Service employee attesting to the threat and the need for the taken action to address it;
4. On or before November 15, 2026, at 12:00 p.m., Defendants must distribute this Order to all DOI and NPS employees, officers, agents, and contractors who are likely to be impacted by this Order.

The Court **ORDERS** that this Temporary Restraining Order shall be in full force and effect through November 28, 2026, or further order from the Court, whichever comes first. If any provision of this Order is stayed, vacated, or modified, the remaining provisions shall remain in effect. The Court's Preliminary Injunction Order, *see* Dkt. 101, remains in effect. Plaintiffs shall post a $1.00 bond in accordance with Federal Rule of Civil Procedure 65(c) by Friday, November 20, 2026.

The Court is available on Sunday, November 15, 2026, should Plaintiffs or Defendants require any emergency clarification of this Order. Counsel can alert the Court through an email to the Chambers inbox.

Date: November 14, 2026

ANA C. REYES
United States District Judge